1pi 9
3pi 495
4pi 683

## EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY *v.* PRATT.

### (*Knoxville.*   September 16th, 1886.)

1. RAILROADS.   *Negligence.   Common law and· statutory.*   Code, § 1298 (M. & V.)

   Section 1298 of the Code (M. & V.), providing that "every railroad company shall keep some one on the locomotive always upon the lookout ahead, and when any person, etc., appears upon the road, whistle, put down brakes, and use every possible means to prevent an accident," is merely declaratory of the common law. Nothing therein contained adds to, or varies from, the common law.

   Code cited: (M. & V.), § 1298; (T. & S.), § 1166.

   Cases cited and approved: Horne *v.* M. & O. R. Co., 1 Cold., 75, 76; L. & N. R. Co. *v.* Connor, 9 Heis., 21; Burke *v.* L. & N. R. Co., 7 Heis., 463.

2. PLEADING.   *Declaration averring negligence.   Notice.*

   A declaration against a railroad company, which avers that the company's servants wrongfully and negligently ran its cars over the plaintiff's intestate, thereby causing his death, gives notice that the injury was done contrary to the statute (§ 1298 (M. & V.) Code), and that the company will be required to prove, in its defense, that it observed the precautions prescribed by the same statute, although there may be no reference to the statute, in the declaration.

---

### FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. January Term, 1886. S. A. ROGERS, J.

The following is an exact copy of the declaration referred to in the opinion:

"FRANCIS CAROLINE PRATT *v.* EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY.

"Plaintiff, Francis Caroline Pratt, widow of W. C. Pratt, deceased, sues the defendant, the East Tennessee, Virginia & Georgia Railroad Company, a body politic and corporate, duly in court by summons, for the sum of $25,000. For that whereas, heretofore, to-wit, on the 14th day of April, 1883, defendant was, and hitherto hath been, and still is, operating, managing, and controlling a certain line of railway between Knoxville, Tenn., and the Kentucky State line, having under its care, direction, control, and management divers engines and cars, and in its employ divers and many servants; and on the day and year aforesaid, at, to-wit, on the line of said railway, in the county of Knox, and State aforesaid, defendant wrongfully and negligently run its engine and cars in, upon, and against W. C. Pratt, husband to plaintiff aforesaid, whereby, and on account of which, the said W. C. Pratt was wounded, bruised, and mangled in body, head, arms, and legs, thereby causing great mental and physical pain and suffering, for the space of one hour, when the said W. C. Pratt, on the day and year aforesaid, at, to-wit, in the county of Knox aforesaid, by reason of the wounds and bruises aforesaid, wrongfully and

negligently inflicted as aforesaid, then and there died, to plaintiff's damage, $25,000. Wherefore she sues and demands a jury to try the issue to be joined.                    WILLIAMS, Attorney."

W. M. BAXTER and HENDERSON & JOUROLMON for railroad company.

WILLIAMS & SNEED for Pratt.

SNODGRASS, J.   An earnest petition to rehear this case is presented, and while it raises no new question and calls attention to no oversight or omission in the original determination of the questions made in the record, being but a re-assertion and re-argument of the principal question settled by the Court upon mature consideration and by unanimous agreement, yet, in view of its importance, we have re-examined it, and again announce our view of the law in accordance with the original opinion in affirming the judgment.

The declaration alleged that defendant wrongfully and negligently run its engine and cars in and upon and against W. C. Pratt, husband of plaintiff, whereby, and on account of which, the said W. C. Pratt was wounded, bruised, and mangled in body, head, arms, and legs, thereby causing great mental and physical pain and suffering. * * * * * By reason of the wounds

and bruises aforesaid, wrongfully and negligently inflicted as aforesaid, the said W. C. Pratt then and there died.

No reference was made to the statute, either by averments that the provisions of the Code, § 1298, were not complied with, or by statement of facts so showing, and defendant, therefore, insisted that evidence that these provisions were not complied with was irrelevant and incompetent, except so far as it might indicate negligence independent of the statute, and the Court was asked to charge the jury as follows: "The declaration in this case is what is called a common law declaration. It does not profess to be based upon a violation of the statutes of Tennessee enacted to prevent accidents upon railroads. I, therefore, instruct you that the liability of the defendant, if any exists, does not depend upon whether or not it complied with the provisions of the Code in this regard. All evidence going to show whether or not there was a lookout ahead, or whether or not the whistle was sounded or brakes put down, can only be looked to for the purpose of determining whether or not defendant was guilty of negligence outside and independent of the statute," etc. His refusal to do so was the principal error assigned, elaborately argued, and carefully considered on the hearing before us, and now repeated in the petition for rehearing.

The counsel for plaintiff in error assumes that the precautions made necessary to be observed by

§ 1298 of the Code, create duties that would not have devolved upon the servants of the railroad companies when any person, animal, or other obstructions appeared upon their roads, and that the provision of § 1299, that "every railroad company which fails to observe these precautions, or cause them to be observed by its agents or servants, shall be responsible for all damages done to person or property on its road," makes the company liable for the "statutory negligence" of the preceding section, while there exists still, outside of the statute, a "common law negligence," in suits on account of which a different case must be made than is required in an action for injuries resulting from the negligence of the servants of the railroad company, where the statutory precautions were not observed.

This is an erroneous view of the law. The section under consideration (§ 1298) provides that "every railroad company shall keep the engineer, fireman, or some other person upon the locomotive always upon the lookout ahead, and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

This section imposes no duty on the railroad companies that would not have existed at common law—the duty to keep some one on the lookout, sound the alarm whistle when any person, animal, or other obstruction appears on their road, then

put down brakes and use every possible means employed for such purpose to stop the train and prevent an accident—is but, in other words, the duty to watch the road, warn any one who appears on it to get off by such noise of alarm as will most effectually do this, and at the same time give notice to the servants employed on the train to expect, and aid in the effort to avoid running over the obstruction, and then try to stop and prevent the accident.

Without the statute it would have been the duty of the road to do each of the things enumerated, and it is only in the matter of watching and warning and trying to stop that the three specific, simple, and obvious precautions to be taken are specified. As the failure to observe any one of these would have been negligence before, and as the statute provides, in addition, that the companies shall employ *every possible means* to stop their trains and prevent accidents, this covers any and all other acts of negligence, and does not create any new form of it which may be distinguished from another by the term "statutory," or leave out any which might be classified as common law negligence. The statute has been repeatedly held by this Court to be but declaratory of the common law. *Horne* v. *Memphis & Ohio Railroad Company*, 1 Cold., 75–6; *Louisville & Nashville Railroad Company* v. *Mary Connor*, 9 Heis., 21; *Burke* v. *Louisville & Nashville Railroad Company*, 7 Heis., 463.

It follows, therefore, that if an injury to a person occurs while he is on the road of the company, through any negligence of its officers and servants, it is now statutory negligence, or negligence against which the statute, as well as the common law, provides; and a declaration, as in the present case, that the ·servants of the company wrongfully and negligently run its train over such person, gives notice that it was contrary to the statute, and imposes no hardship on defendant in requiring that it come and defend, by showing, in accordance with the same statute, that it observed these precautions, and is therefore not liable.

Such declaration does not, as assumed by counsel, require defendant "to prepare itself to defend against either or any form of negligence," "common law" and "statutory," because these are but different terms to describe the same thing. It gives notice that defendant has been guilty of negligence, and requires it to come prepared to show that it had neither done, nor omitted to do, any act which the law now and before the statute made negligence.

The petition is therefore dismissed.