RUTHERFORD *v.* SWINK.

(*Jackson.*    April 18, 1891.)

1. EVIDENCE.    *Proof of municipal ordinances.*

The ordinances of municipal corporations, when offered in evidence in the Courts, must be proved. "When not specially regulated by charter or statute, the proof of ordinances must be by the production of the originals, or the books in which they are registered, as these are the primary evidence."

2. SAME.    *Same.    Case in judgment.*

There being no regulation of the matter by charter or statute, it is error, in a suit by a municipal corporation to punish an offender against its ordinance, for the Court to exclude, when offered as evidence of the ordinance, the book of the corporation in which its ordinances, including the one in question, were registered by authority of the governing body of the municipality, the book being produced from the custody of the proper officer, and thoroughly identified as one kept by the corporation for that purpose.

Cases cited and distinguihed: Tedford *v.* Woodbury, 7 Hum., 190.

---

FROM GIBSON.

---

Appeal from Circuit Court of Gibson County. W. H. SWIGGART, J.

NEIL & DEASON and J. T. CURTIS for Rutherford.

McDEARMON & KILLOUGH for Swink.

LEA, J.   On the twenty-first day of June, 1889, the Mayor of Rutherford issued a warrant for the arrest of George W. Swink, charging him with the violation of one of the ordinances of the corporation, and on the same day he was brought before the Mayor, tried, and fined.   The defendant prayed and obtained an appeal from the judgment to the Circuit Court of Gibson County.   At the March term the case was tried before a jury, and there was a verdict for the defendant, from which the plaintiff appealed and assigned errors.

The error complained of is that on the trial of the cause in the Circuit Court the plaintiff offered to prove the by-law or ordinance, for the violation of which the defendant was being tried, by reading the same from a book upon which this ordinance, together with many other by-laws and ordinances of the town, was recorded.

Henry O. Daniel testified that he was the Recorder of the town of Rutherford, and had been for about three years past; that he was the custodian of the books and papers of the corporation; that the book upon which the ordinance was recorded was delivered to him by his predecessor in office as the book upon which the by-laws and ordinances of the town were recorded; that it was kept and used as a record of the by-laws and ordinances of the town.   It is a book upon which are recorded a number of the by-laws and ordinances of said corporation under which the Board of Mayor and Aldermen are now acting.

The witness further testified that he could find no minutes of the Board of Mayor and Aldermen of December 18, 1860, the day the ordinance offered was recorded as having passed; that he did not know of his own knowledge that it was passed, or that it was an ordinance of the corporation, further than it appeared upon the book as such, and that it was kept and used by the Board of Mayor and Aldermen as such; that he had made diligent search for the minutes of that date, and that he could not find them on the minute-book of that date; that he could not find any one now living that was a member of the Board of Mayor and Aldermen of that date; that A. M. Greer and Wm. McDaniel, whose names appear at the bottom of the ordinance as Recorder and as Mayor, have for many years been dead.

The defendant objected to the ordinance being read from the book. The Court sustained the objection, and declined to allow plaintiff to read the ordinance.

The book proposed to be introduced, upon its first page has this entry: "Minute-book of Rutherford Corporation, the Latter Part of which Contains the By-laws and Ordinances of said Corporation." Then follow the minutes of the Board of Mayor and Aldermen from January, 1867, to March, 1877. Then follow some miscellaneous matters which pertained to the corporation business. On page 154 the by-laws and ordinances begin. On this appears "Corporation Laws," and from this

page to 177, near the close of the book, appear the ordinances—ten separate Acts, consecutively numbered, each Act having more or less sections, and at the bottom of each Act the following appears: "McDaniel, Mayor. A. M. Greer, Recorder. Passed December 18, 1860."

Included in Act IV., Section 6, was the ordinance of the corporation the defendant was charged with violating. The corporation was chartered by an Act of the Legislature passed and approved February 28, 1860. The minute-books at which these ordinances of December 18, 1860, were passed cannot be found as stated. There is no general statute regulating what shall be proof of municipal ordinances, nor is there in this charter any section regulating how ordinances shall be proven. There is no general statute upon the manner of passing ordinances by corporations, nor is there any mode prescribed in this charter. The by-laws and ordinances of a municipal corporation, being private laws, must be proved when offered as evidence in Courts, but what proof is necessary to prove a by-law or ordinance has not been determined by our Courts, as we are aware.

Dillon on Municipal Corporations (3d Ed.), Sec. 422, says: "When not specially regulated by charter or statute, the proof of ordinances must be by the production of the originals or the books in which they are registered, as these are the primary evidence," referring to quite a number of authorities. Upon this authority we hold that when the cor-

poration presents an ordinance recorded in a book identified by the proper officer of the corporation as the book kept and used by the corporation for that purpose, then the ordinance is properly proven, and it was therefore error in the Circuit Judge not to admit the book as evidence. All that was decided in the case of *Tedford* v. *Mayor and Aldermen of Woodbury*, 7 Hum., 190, was that a paper purporting to be an ordinance of the town of Woodbury was improperly admitted as evidence, the same not having been proved to be an ordinance of the town.

The judgment is reversed and a new trial granted. Defendant will pay the cost.