GUARANTY, ETC., SOCIETY *v.* FORD.

(*Jackson.* May 17, 1900.)

1. CHARGE OF COURT. *Meagerness not cause for reversal.*

This Court will not reverse for mere paucity or meagerness of instructions to the jury unless specific instructions and a fuller charge have been requested by the complaining party and refused by the Court. (*Post, pp. 534, 535.*)

2. SAME. *Special requests.*

Requests for special instructions must be made after delivery of the Court's general charge to the jury, and this fact must appear affirmatively in the record to make their refusal available in this Court. (*Post, p. 535.*)

3. SAME. *Assignment of error on.*

An assignment of error complaining of the Court's refusal to give a special request in charge to the jury, is faulty and bad which fails to set out the proposition requested. (*Post, p. 535.*)

4. SAME. *As to answers of applicant for life insurance.*

The Court properly refuses to give in charge a special request instructing the jury, on the trial of an action on a life policy, that the assured's statements as to his physical condition were all guaranties, and, if untrue, vitiated the policy, whether he knew of their untruth or not. This unlimited statement is not the law. (*Post, p. 536.*)

Cases cited: K. of P. *v.* Rosenfeld, 92 Tenn., 508; K. of P. *v.* Cogbill, 99 Tenn., 36; Rand *v.* Life Association, 97 Tenn., 291.

5. ASSIGNMENT OF ERROR. *Insufficient.*

An assignment of error to the effect that the verdict is based upon the testimony of a witness who is "wholly unworthy of belief," and that, without his testimony, the record shows that a most flagrant fraud had been committed on appellant,

Guaranty, etc., Society *v.* Ford.

is bad where it fails to specify the grounds of the charge of fraud. (*Post, pp. 536, 537.*)

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

J. S. DUVAL for Guaranty Fund Life Society.

JAS. M. GREER and JOHN E. BELL for Ford.

WILKES, J. This is an action upon a policy upon the life of Jennie Ford. The policy was after death of assured assigned to J. W. Crane, and suit was brought in the name of the beneficiary husband, for use of the assignee, Crane. There was a trial before the Court and a jury in the Court below, and verdict and judgment for the amount of the policy and interest, in all $512.50, and the defendant insurance company has appealed and assigned errors.

The first assignment of error is to the effect that the proof of marriage of the deceased was so contradictory as to dates and circumstances that the trial Judge should have given the jury some instructions in regard thereto, and should not have completely ignored this feature of the case and left the jury to infer that no proof was necessary; and the second assignment is that the

charge of the Court in regard to proof of death was not full enough, in view of the inconsistencies and contradictions of the case.

It is only necessary to say that both of these assignments go to show the paucity and meagerness of the charge, and such defect, if it exists, is not reversible error, unless specific instructions and a fuller charge are asked. We do not think, however, that the charge is subject to the criticism made.

The third assignment is to the refusal of the Court to give in charge a special request made in regard to the identity of the party, who died in Mississippi, as being the party assured.

These instructions are not set out in the assignment, and this omission makes it faulty. They also appear from the transcript to have been asked before the general charge was given.

The requests in the bill of exceptions follow immediately after the evidence and the transcript shows that after the evidence was closed the plaintiff made certain requests, and immediately following is the statement that the defendant asked for the following instructions, and all the requests were refused except as given in the general charge. Immediately following these instructions is found the general charge.

Instructions must be asked for after the general charge is given, and the record must affirmatively show that fact.

But the trial Judge did not err in refusing to give the special requests, even if they had been properly presented and asked. The first request is not the law, as it was, in effect, to charge that the statements made as to the physical condition of assured were guaranties, and if the answers were untrue, whether known to be so by the assured or not, they would vitiate the policy. This is not the rule as laid down in *Knights of Pythias* v. *Rosenfield,* 8 Pickle, 508; *Knights of Pythias* v. *Cogbill,* 15 Pickle, 36; *Rand* v. *Life Association,* 13 Pickle, 291.

The second request as to the proof of the death and identity of the person whose death was proven as that of the assured was sufficiently given in charge, and the burden of proof upon these features of the case was stated properly to be on the plaintiff.

It is said that the evidence of the husband and nominal plaintiff, Charles Ford, was wholly unworthy of belief, and in the absence of his testimony a most flagrant fraud is shown to have been perpetrated on the company, and it was error not to have granted a new trial upon this ground.

This assignment does not specify in what the fraud consists, and the only fraud we are enabled to surmise is the statement made by the assured that she was not pregnant when she was insured; but the evidence we think clearly shows that this fact was not known to the assured or her hus-

band at the time the insurance was taken out, and, moreover, that the company continued to receive premiums and carry the policy in force after it learned of the fact, and made no offer or effort to cancel the policy.

We are of opinion there is nothing in the affidavits of Dr. Raymond and C. H. Harris to demand a new trial. All that is stated in them that was material could, with proper diligence, have been brought out on the trial.

We see no error in the action and judgment of the Court below, and it is affirmed with costs.