## MYERS *v.* TAYLOR.

### (*Jackson.*    June 15, 1901.)

1. CHARGE OF COURT. *Refusal of requests proper, when.*

   The Court's refusal or failure to give special instructions requested before, and not insisted upon after, the regular charge is given is not error. (*Post, p. 366.*)

2. CONTRACT. *Part in writing and part in parol.*

   Morrison addressed this proposition to Myers, viz.: "I want to put a mill on your land, and buy the timbers you have in township 8 north (describing the land), timbers to be paid for as fast as cut. Lumber to be shipped green to any responsible firm, and your stumpage to be paid you by said firm. You are to be notified where lumber is to be sold before lumber is shipped. Please make me price per thousand feet on oak." Myers replied: "White oak, $2 per thousand; red oak. $1.50 per thousand." *Held,* These writings constitute no such completed contract as will exclude parol evidence of a subsequent arrangement by which title to the lumber was to remain in the seller until the purchase price was paid. (*Post, pp. 366–369.*)

3. SAME. *Same.*

   A contract partly in writing and partly in parol is treated as a parol contract. (*Post, p. 369.*)

   Case cited: Smith *v.* O'Donnell, 8 Lea, 468.

4. EVIDENCE. *Parol in connection with written contract.*

   The general rule that parol evidence is not admissible to contradict, vary, or add to the terms of a written contract is not applicable where the contract comes in question among strangers to it, and there are exceptions to the rule in its application to the parties to the contract. (*Post, pp. 369, 370.*)

   Cases cited: Leineau *v.* Smart, 11 Hum., 308; Hines *v.* Wilcox, 100 Tenn., 524.

5. SAME.  *Erroneous exclusion cured, when.*

   Where this Court can see that the injury resulting from erroneous exclusion of evidence has been cured by remittitur of part of recovery there will be no reversal for such error.  (*Post, p.* *370.*)

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County.   L. A. ESTES, J.

MYERS & BANKS and WILKERSON & MCGEHEE. for Myers.

PERCY & WATKINS for Taylor.

BEARD, J.   This action was brought by defendants in error against the plaintiffs in error, for the alleged conversion by the latter of two hundred thousand feet of lumber, of which the former (Taylor & Crate) claimed to be the owners.   The conversion complained of was made through a replevin suit instituted by the plaintiffs in error, in a Court of Record of the State of Arkansas, within which jurisdiction of the lumber was then located.   To this suit Taylor & Crate were not parties.   The theory of defense was, that the lumber in controversy was made by one Morrison, at his sawmill in Arkansas, from logs cut from trees taken from the lands of the defendants in that State, under a special

contract by which the defendants were to retain title until Morrison had paid them "stumpage" or the full price of the logs so taken, and that their possession of the lumber was rightful, inasmuch as the stumpage was still due. On the other hand, the contention of the plaintiffs below was, that they had purchased the lumber from Morrison, who had unrestricted right to sell the same, and that the caption, by the defendants through their replevin suit, of this lumber and subsequent sale thereof, was a conversion.

The trial below resulted in a verdict and judgment for the plaintiffs. The defendants have brought the suit to this Court and have assigned seventeen errors upon the action of the Circuit Judge. The last eight of these errors are based on the refusal of the Court to grant as many special requests; these assignments, however, will not be considered, as the record affirmatively shows that the requests were submitted to the trial Judge *before* he gave his general charge, and not afterwards, as, has been often declared, is the correct practice. Of the remaining nine assignments only the seventh and eighth will be noticed, as they are determinative of the case in this Court, and the others are immaterial.

The seventh assignment of error is upon the action of the Court in refusing to let the witness, Morrison, testify as to the terms of the contract between himself and the defendant, under which the timber was cut from their land, the trial Judge

saying, "You have 'that thing' (the contract) in writing, and you can't let the witness testify about it when you have it in writing."

The eighth assignment is upon the part of the Court's charge bearing on this contract, which is as follows: "The contract in this case is in writing, and by its terms D. E. Myers sold to O. M. Morrison the white and red oak on his and the lands of the other defendants, to be manufactured into lumber and sold. The white oak was to be paid for at $2 per thousand, and the red oak at $1.50 per thousand. The written contract in this case is a contract for an absolute sale. Defendants insist that title to the lumber was retained by them until the price they sold to Morrison was paid. This could be done only by making such contract after the written contract was made, by which such title was retained. This could have been done any time before Morrison became involved with other people in selling the lumber to them."

The record shows that Myers and the other defendants were the owners of certain land in the State of Arkansas, and that Morrison, desirous of cutting trees from this land, to convert into lumber, in the absence of Meyers from his office in Memphis, left for him the following proposition in writing, viz.: "I want to put mill on your land and buy the timbers you have in township 8 north, range 6 east, sec. 12, sec. 1, sec. 2, sec. 3, sec. 4, sec. 5. Timbers to be paid for as fast as cut.

Lumber to be shipped green to any responsible firm, and your stumpage to be paid you by said firm. You are to be notified where lumber is to be sold before lumber is shipped. Please make me price per thousand feet on oak.

"Yours,       O. M. MORRISON."

"White oak, $2 per thousand; red oak, $1.50 per thousand.         D. E. MEYERS."

On receiving this writing, and after consultation with his associates, Meyers wrote at the bottom of the proposition, as is seen above: "White oak, $2 per thousand; red oak, $1.50 per thousand. D. E. Meyers." Subsequently, on Morrison's return, this paper was delivered to him, and the record tends to show the contract was then made as to the retention of title. It was evidence to this effect which the Circuit Judge excluded from the jury. In this act of exclusion, as well as in his charge to the jury, set out above, he was in error.

The written proposition made by Morrison and the memorandum of Captain Meyers did not make a contract. This, we think, can be made very clear. Suppose, after Meyers had made his memorandum at the foot of this paper, and its delivery to Morrison, without more, Morrison had declined to go on with this venture, could Meyers and his associates have maintained a suit for its breach? Unquestionably, not. Morrison had simply expressed a desire to buy the timber "in Township North E,"

but he fixed no price he was willing to pay. On the contrary, he said to Meyers, "Please make me price per thousand feet on oak." In answer to this, Meyers, in his memorandum, gives the price of both white and red oak, while Morrison had only called for price on white oak. The minds of the parties had not yet met. It was for Morrison to determine, upon seeing this memorandum, whether he would take both kinds of oak and pay these prices; and this determination is not expressed in the writing, but, if communicated, it was by word of mouth. The contract, as made, therefore, fell directly within the authority of *Smith* v. *O'Donnell*, 8 Lea, 468: "A contract may be partly in writing and partly in parol, in which it is ever an oral contract. . . . This will be the case where the writing is imperfect or incomplete. In such cases the writing and parol testimony are competent to show the entire contract."

But there is another distinct ground upon which this exclusion of this testimony was erroneous. The rule invoked by Taylor & Crate, and which the Circuit Judge enforced, has no application in a litigation between them—strangers, as they were, to this contract—and Meyers and others, parties to it. It applies only in controversies with regard to written contracts between the parties, promisor and promisee. 1 Green. on Evidence, p. 279; 2 N. H. *v.* Evidence, Sec. 923; *Reynolds* v. *Magness*, 24 N. C., 30; *McMaster* v. *Insurance Co.*, 55 N. Y., 222;

*Badys* v. *Jones*, 12 Pickering, 371. And, even in a litigation between the parties to the written contract, there are exceptions to the general rule, as well recognized as the rule itself, as may be seen by the reference to *Leinean* v. *Smart*, 11 Hum., 308; *Ferguson* v. *Rafferty*, 128 Pa. St., 337 (S. C., 6 L. R. A., 33); *Hines* v. *Wilcox*, 100 Tenn., 524.

As the case goes back for a new trial, it is proper to say, that the records in *McCoy and Waldrap* v. *Morrison*, and *Meyers* v. *Morrison*, the rejection of which is the subject of the fourth, fifth and sixth assignments of error, should have been permitted to go to the jury, on the question of the mitigation of damages, but the error in excluding them is not reversible, because the Circuit Judge required a remittiter from the plaintiffs after verdict, and in this way gave the defendants below the full advantage, which they would have obtained from their admission.

For the error in the exclusion of the testimony of Morrison, pointed out, as well as for error in the charge quoted above, the judgment of the lower Court is reversed, and the cause is remanded for a new trial.