## SOUTHERN RAILWAY CO. v. CHARLEY UNDERWOOD, Admr.

Eastern Section. August 4, 1928.

No petition for Certiorari was filed.

E. B. Madison, James Clark and Brown & Candler, of Athens, for plaintiff in error.

Robert A. Davis, of Athens, for defendant in error.

PORTRUM, J. In this case, the defendant in error has filed a motion to strike the bill of exceptions and affirm the judgment because it affirmatively appears that the bill of exceptions does not contain all the evidence. The motion sets out the following items of evidence which is claimed are not a part of the bill of exceptions:

1. A blackboard containing a sketch of the premises in question.

2. Exhibit 1 to the testimony of Carl Hammond, which is a map introduced by the plaintiff below at the hearing.

3. The mortality tables.

4. A written statement made by the defendant's witness, Ackton Ratledge, detailing the facts surrounding the accident in question, the bill of exceptions reciting "Clerk will here copy said statement in full".

5. The shoes of the deceased, they being material evidence on the issue of whether the deceased walked across a broad muddy ditch filled with water before appearing immmediately on the track in front of the plaintiff in error's passenger train.

The first insistence is that upon the motion for a new trial the judge heard certain testimony in the form of affidavits in an attempt by the defendant to produce newly-discovered evidence. This testimony is not in the record, and it is insisted by the defendant in error that the rule of this court is that if this evidence is not made a part of the bill of exceptions, then the court will not consider the bill of exceptions containing the evidence heard upon the trial. In support of this proposition, the following cases are cited: Eastley v. State, 118 Tenn. 371; Lowry v. R. R., 117 Tenn. 507; Odeneal v. State, 128 Tenn. 360; Ransom v. State, 116 Tenn. 366; and Coffer v. Coffer, 1 Tenn. App. 538.

We have examined these cases and, while the language in some is broad enough to cover the proposition as made by the defendant in error, yet in each of the cases the court considered the assignments of error, calling in question the facts of the cases.

In the case of Lowry v. Railroad, supra, Judge Neil says the rule is the same, when the judge considers evidence on a motion for a new trial and there must be an averment in the bill of exceptions that it contains all the evidence heard upon a motion for a new trial. He says: "The requirement in this respect is the same as that governing the presentation of the evidence submitted to the jury upon the issues."

The rule as laid down in the cases is that the bill of exceptions must contain the averment that it contains all the evidence heard upon the motion for a new trial. If, in a case like this, the court is going to disregard the bill of exceptions, which contains all the evidence heard upon the trial, because it does not contain the evidence heard upon the motion for a new trial, then the words are surplusage and without meaning—"heard upon the motion for a new trial."

There is no reason for a rule of this character. Certainly the plaintiff in error should have a review of an assignment that there is no evidence to support the verdict, there being a bill of exceptions containing all the evidence heard on the trial, notwithstanding the

circuit judge heard evidence on the motion for a new trial. As above stated, all of the cases cited applied the rule as here given.

This section of the motion to strike the bill of exceptions and affirm the judgment is not well taken and is overruled.

Coming now to a consideration of the bill of exceptions containing the evidence heard upon the trial of the case.

The sketch of the premises drawn on the blackboard was not preserved and brought up as a part of the bill of exceptions. It has been the practice for so long of drawing maps on blackboard or floor of the court room, that the court hesitates to strike the bill of exceptions because of the absence of the drawing. It is the better practice, however, to reproduce the map, under the directions of the trial judge, and make it a part of the bill of exceptions, for in many instances it may be material as a part of the testimony of one or more witnesses. In this case, the plaintiff below introduced a map of the premises, and this perhaps obviated the necessity of reproducing the blackboard sketch in the absence of proof of a difference in the drawing. But in this case the plaintiff in error has failed to bring up the map introduced by the plaintiff below, or to make it a part of the bill of exceptions by reference and authentication. It appears in the bill of exceptions that the map was introduced as evidence.

The written statement of the witness, Ackton Ratledge, was not made a part of the bill of exceptions, and it appears from the bill of exceptions that such a paper in fact existed, for the clerk is directed to copy it in full in the transcript.

And, lastly, it is claimed that it was the duty of the plaintiff in error to make the shoes, which were exhibited as a part of the testimony in the trial court, exhibits to the bill of exceptions. It is shown that according to the contention of the train men operating the engine, the boy who was killed by the train came across a wide, muddy ditch and stepped upon the track immediately in front of the train. The shoes were introduced, and proved to be in the same condition as when taken from the dead body. There is no reference in the proof what the condition was. The defendant in error claims that they were free from mud, which shows conclusively that the boy did not cross the muddy ditch. Said state of facts is not denied by the plaintiff in error, but in another case should we hold that it was not necessary to produce the exhibit, the condition of the exhibit may be strenuously contested. For this reason, we think it is necessary to bring up the exhibits as a part of the bill of exceptions. As for the mortality tables, their contents were proven in the court below and it was not necessary to bring up the book itself.

We are of the opinion that the bill of exceptions affirmatively shows that it does not contain all the evidence, notwithstanding the declaration contained in the bill of exceptions that it does contain all the evidence, and therefore it cannot be looked to upon the trial of the

case in this court. Battier v. State, 114 Tenn. 563; R. R. v. Martin, 117 Tenn. 698; and Pepper v. Telephone Co., 1 Tenn. App. 178.

We have verified the following statement contained in the brief in support of this motion:

"The motion for a new trial was heard December 24, 1927, was overruled, and the defendant (plaintiff in error here) was allowed thirty days in which to prepare and file his bill of exceptions. The bill of exceptions was marked filed January 18, 1928; it was signed by the trial judge January 27, 1928."

From this statement it is apparent that the bill of exceptions was signed by the trial judge several days after the time allowed in which to perfect and file the bill of exceptions. The clerk filed the bill of exceptions within the time, but at the date of the filing the trial judge had not signed it. For this reason there was no bill of exceptions. The trial judge was without power to sign the bill of exceptions after the time granted in the order of the court. Scopes v. State, 152 Tenn. 424.

The motion to strike the bill of exceptions is allowed, and there being no assignment of error going to the technical record, the judgment of the lower court is affirmed, at the cost of the plaintiff in error and its bondsmen.

Snodgrass and Thompson, JJ., concur.