JOE GRIZZARD and O'DELL CUZZORT, Plaintiffs in Error, v. STANLEY J. O'NEILL, Defendant in Error.

Middle Section.  May 28, 1932.

Petition for Certiorari denied by Supreme Court, December 17, 1932.

Cate & Cate, of Nashville, and Worth Bryant, of Cookeville, for plaintiffs in error, Grizzard and Cuzort.

Holladay, Holladay & Clark, of Cookeville, and Charles C. Spencer, of Chicago, for defendant in error, O'Neill.

CROWNOVER, J.   This was an action by O'Neill against Joe Grizzard and O'Dell Cuzzort for personal injuries and damages to an automobile as the result of a head-on collision of plaintiff's automobile with a truck owned by defendant Grizzard and driven by his agent, defendant Cuzzort.

Defendants pleaded the general issue of not guilty.

The case was tried by the judge and a jury and resulted in a verdict of $8000 in favor of the plaintiff.

Motions for a new trial and in arrest of judgment having been overruled, defendants appealed in error to this court and have assigned sixteen errors.

Stanley J. O'Neill, aged thirty-eight, a resident of Oak Park, Illinois, was driving an automobile through Tennessee on his way to Florida, in December, 1930.   On Sunday morning, December 28th, he left Nashville in a La Salle sedan, accompanied by his wife and child, and three guests.   They started east and went along State Highway No. 1, known as the Memphis-Bristol Highway, intending to go through North Carolina.   When they had reached a point a mile or two east of Doyle, in White County, Tennessee, their car was run into by a truck belonging to Joe Grizzard of Cookeville and driven by his agent, O'Dell Cuzzort.

Snow had fallen on the previous night and the road was slippery. On going over the top of a hill, O'Neill looked across to the top of another hill in front and saw a truck about three hundred yards away,

approaching at a rapid rate of speed. The road formed a reverse or "S" curve, a curve being at the bottom between the two hills. The truck was on the wrong side of the road. O'Neill pulled his car over on the shoulder of the road, on his right side, near the fence, applied his brakes and had practically come to a standstill, when it was struck by the truck, a head-on collision. When the truck was driven around the curve it skidded to the left hand side of the road and collided with plaintiff's automobile.

Mr. O'Neill was rendered unconscious by the impact, his chest was badly crushed and bruised. He received a wound on his forehead, arm and knee, and his knee-cap was shattered. He was carried to Sparta in an automobile and from there to the Cookeville City Hospital in an ambulance. There it was through best that he should return to his home before having this broken knee-cap operated on. Dr. Johnson, of Cookeville, put this leg in a splint and dressed his other wounds, and he was carried by ambulance to Nashville where he was put on the train and carried to Oak Part, Illinois; thence by ambulance to the hospital. There the doctors postponed an operation on his knee for several days on account of the condition of his lungs, caused by the blow of the steering wheel on his chest. On January 2nd his knee-cap was operated on, several fragments of the bone removed and the knee-cap set. After ten days in the hospital he was removed to his home where he had to remain in bed three weeks. He was forced to use crutches for three months, and practically lost five or six months from his business, as he was unable to remain at his business all the time. His hospital and ambulance bills were approximately $900 and one doctor's bill was $500. He has recovered from all of his injuries except the injury to his knee. His knee will always be stiff to some extent. He has lost about forty per cent of the use of that leg. It is difficult for him to walk up and down stairs, and he cannot walk a long distance without suffering with his knee, and cannot engage in sports.

The automobile was a LaSalle sedan and was worth at the time of the accident about $2500. It was almost a complete wreck. It had to be towed into Nashville and shipped to Oak Park, Illinois, at a cost of $123. The best cash price offered him for it was $75, and he traded it in for a new La Salle at a valuation of $800.

1, 2. As is shown by the foregoing statement of facts, there was evidence to support the verdict of the jury in favor of the plaintiff. The plaintiff's witnesses testified that the plaintiff's car was on the right side of the road and had almost come to a stop, when the defendant's truck approached at a rapid rate and skidded on to the left side of the road and struck plaintiff's automobile, as heretofore stated.

Defendants' proof was that the truck skidded and the driver lost control of it; that the plaintiff turned to his left as he (the truck

driver) attempted to swing the truck back to its right side of the road; that the collision occurred a little beyond the white line in the center of the road; that the truck struck the right front of the sedan.

The photographs, exhibits in the record, show the sedan standing in the road, headed to its left, with its left front wheel to the left of the white center line, its front raised by the wrecker. The truck is shown to be standing on the left side of the road with its front wheels cut to the right. Defendant contends that these pictures show the positions of the car and truck when they collided. Plaintiff insists that when the collision occurred the sedan was not standing at the point shown in the pictures; that when these pictures were made the sedan had been moved by the wrecker; that it had been pushed back and out to the center of the road in order to drive around the truck.

Evidently the jury took the plaintiff's view of how the accident occurred.

3. We are of the opinion that the court did not err in refusing to charge defendants' special request to the effect that the accident was caused solely by the slick and slippery condition of the road and not through any negligence of the defendants, and the accident was, therefore, an unavoidable one.

The evidence is that snow had fallen and the road was slippery. But the La Salle sedan, being driven carefully and at a rate of about twenty or twenty-five miles an hour, was proceeding safely and was easily brought to a full stop. There was evidence that the truck was running at a rapid rate of speed. It appears that the slippery road alone was not responsible for the skidding and accident.

"Skidding is not, as sometimes claimed, a mysterious happening, a sort of 'act of God' beyond the control of the operator. It is a perfectly definite result of certain physical forces, such as the speed of the car, its weight and distribution of weight, and the friction between the rear wheels and the road. Some cars skid more easily than others. The tendency to skid may depend on the number of passengers and whether they are sitting in the front or rear seats. Wet, icy, or greasy roads and especially wet car tracks are potent and well known dangers which may be diminished by the use of non-skid tires and tire chains and by reduction of speed. It is known that a sudden application of the brakes on a slippery pavement will almost inevitably cause the car to skid and swerve from its course. . . .

"The courts have generally recognized these conditions and hold that the mere fact that the car skidded is no defense to the motorist, that his negligence is a question for the jury." Babbitt on Motor Vehicles, 231, Sec. 345.

A driver must keep his car under control when driving on wet and slippery streets, and if he operates it so that it is out of his control

he is guilty of negligence.   National Cash Register Co. v. Leach, 3 Tenn. App., 411.

The question of Cuzzort's negligence was properly submitted to the jury under a correct charge of the court.

4.   Defendants' fourth assignment, that the court erred in charging the jury that they might award punitive or exemplary damages in this case, as neither the pleadings nor the proof called for or justified such instruction, is not well made and must be overruled.

The declaration averred that the driver of the truck "carelessly and negligently ran said truck at a rapid, dangerous and reckless rate of speed on the wrong side of said highway." The proof showed that Cuzzort was driving a heavy truck, down grade, at a rapid rate of speed, on a reverse curve of an ice covered road, when he was able to see both the curve and the approaching automobile.   It was a question for the jury whether the facts pleaded and proven justified the recovery of punitive damages.

"While it is necessary to set out in the declaration the facts constituting fraud, malice, oppression, etc., upon which the claim for exemplary damages is predicated, it is not necessary that it be claimed, in so many words, that some or all of the damages are exemplary or punitive." Railroad v. Ray, 101 Tenn., 1, 6, 46 S. W., 554, and cases cited; Davis v. Farris, 1 Tenn. App., 153.

"It is not necessary that punitive damages be claimed eo nomine.   It is sufficient if the facts alleged justify their recovery." Baker v. Bates, 4 Higgins, 181.

"In Tennessee, punitive damages cannot be claimed as a matter of right, but the question is always for the jury and within its discretion, no matter what the facts are (Railroad v. Satterwhite, 112 Tenn., 185; 17 C. J., 971-3); Provided, of course, that the facts upon which such damages are sought are averred and proved, although they need not be demanded by that name.   17 C. J., 1005, 1041; Railroad v. Ray, 101 Tenn., 1." Davis v. Farris, 1 Tenn. App., 144, 153.

5, 7.   Defendants' assignments of errors numbers five and seven complain of parts of the judge's charge, as follows:

"As stated to you, gentlemen of the jury, under the theory of the plaintiff, if it is established by the proof, the defendant would be guilty.   The defendant who was driving the automobile is responsible for his lack of ordinary care if he was guilty; and the man who owned the automobile if this driver Cuzzort was driving Grizzard's automobile for Mr. Grizzard and as his agent and under his directions, Mr. Grizzard would be liable just the same as his agent, the driver would be liable, in case you find he was guilty of negligence, although he was not present and although he might have been in another County or in another State."

"The plaintiff's case must be made out by the weight and burden of the proof, and by the burden of proof means that he must bring the proof of greater weight than the proof meeting his charges, as, if the proof were equally balanced, the plaintiff would fail. There must be a perceptible balancing of the scales when you weigh this proof in his favor in order to make out the burden of proof, and the plaintiff has that burden upon him."

But the court further charged the jury on these propositions:

"If his theory and contention is sustained and established by the weight of the proof . . ."

"Plaintiffs case must be made out by the weight and burden of the proof, and by the burden of the proof means that he must bring the proof of greater weight than the proof meeting his charges, as, if the proof were equally balanced, the plaintiff would fail. . . ."

"Under the theory of the plaintiff, if it is established by the proof the defendant would be guilty. The defendant who was driving the automobile is responsible for his lack of ordinary care if he was guilty. . . ."

"In order to make a case of liability against the defendant, it would not only be necessary to show the negligence of the driver of the automobile, but it must be shown that it was the proximate cause of the accident."

It is objected that the phrase "established by the proof" is too strong and is confusing. Knights of Pythias v. Steele, 107 Tenn., 1, 63 S. W., 1126; Fisher v. Insurance Co., 124 Tenn., 450, 508. But this error, if such it be, was in favor of the defendants, and this action will not be reversed on this account. Railroad v. Smith, 6 Heisk., 174; Memphis Street Ry. v. Scanlan, 1 Higgins, 679.

It is insisted that the court failed to define to the jury the preponderance of the evidence. The defendants made no special request for further instructions on this proposition, and we held in an opinion in the case of J. R. Hamilton v. Marshall B. Carter, Davidson County Law, filed at Nashville on November 7, 1931, that it was not necessary for the court to charge on the weight and preponderance of the evidence, where counsel stood by and made no objection.

While the charge on these propositions is somewhat inartifically stated, we are of the opinion that it sufficiently covers the propositions, and these assignments are therefore overruled.

6. The court was not in error in refusing to grant the defendants a new trial because plaintiff sued for personal injuries and property damage in the same count of his declaration, for the reason that defendants did not move to strike the declaration for duplicity or raise any objection until after verdict. Waggoner v. White, 11 Heisk., 741.

"A single tort can be the basis of but one action. It is not improper to declare in different counts for damages to the person and property when both result from the same tort, and it is the better practice to do so where there is any difference in the measure of damages, and all the damages sustained must be sued for in one suit." Railroad v. Matthews, 115 Tenn., 172, 91 S. W., 194.

In the case of Poling v. Washington Loan & Trust Co., 289 Fed., 610, the court quoted from the case of Hazard Co. v. Volger, 3 Wyo., 189, 18 Pac., 636, and held that all damages growing out of the same accident might be set out in the same count of the declaration; but in the case of Railroad v. Matthews, supra, the court held it was the better rule to sue for a man's personal injuries in one count and sue for injuries to his property in another count.

Where defendant did not move to strike the declaration for duplicity, and he could not have been prejudiced by the averments of the declaration, no advantage can be taken after verdict. American Tobacco Co. v. Zoller, 6 Tenn. App., 390.

No confusion could have arisen on this account, and the defendants were not prejudiced thereby. The objection is waived, unless seasonably raised, or by pleading to the merits, and is not available after verdict or judgment. 6 Stand. Ency. Proc., 711; Shepherd v. B. & O. R. R. Co., 130 U. S., 426, 32 L. Ed., 970; 7 Ency. Plead. & Pract., 243.; Waggoner v. White, 11 Heisk., 741.

8, 9. Defendants' eighth assignment complains of the judge's charge where he states that the measure of damages for the injury to the automobile is the fair market value of the automobile before the accident and its fair market value afterwards. And assignment number nine is that the declaration claimed the sum of $1700 as representing the necessary repairs on plaintiff's automobile, while the evidence of plaintiff was as to the value of the car before and after the collision, therefore there was a fatal variance between the declaration and the proof.

The action was not for the cost of repairs. The declaration avers the facts incident to the collision and that plaintiff was permanently injured, and his automobile, worth $2500, was practically destroyed and ruined. In the next paragraph, in enumerating his bills and expenses, after stating the amount of his doctors' bills he states that he had "to pay out $1700 on repairs for his automobile to get the same back into proper condition to operate." This was not a suit for the amount of the repairs. The evidence showed that plaintiff did not repair the car, but traded it in on a new car and the automobile company valued it at $800 in the trade for a new $2500 car; and that the damaged car was practically new at the time of the accident.

If the automobile cannot be repaired then the measure of damages is the difference between the market value of the automobile before it was damaged and the value of the wreckage. 2 Berry on Automobiles (6 Ed.), 1012, sec. 1250; Anderson v. Innman, 3 Tenn. App., 195; Smith v. Fisher, 11 Tenn. App., 273. Therefore the court's charge on the measure of damages was correct.

The declaration should be construed altogether and given a reasonable construction.

"At common law, a reasonable presumption was indulged in favor of the rights of the defendant and against the pleader on the theory that the pleader had selected the language. However, this rule of construction has been necessarily modified, in Tennessee, in order to give effect to all material averments, where reasonably possible, so as to comply with the forms authorized by statute; and now, any pleading is good, when it conveys a reasonable certainty of meaning, and when by a fair and natural construction it shows a substantial cause of action or defense.

"Where the injury is sufficiently averred a recovery may be had for the natural and probable consequences thereof, although such consequences are not set out in detail, while all effects, not the natural and necessary result of the injury complained of, constitute special damages and must be specially averred." Grace v. Curley, 3 Tenn. App., 2.

"The complaint will be construed as a whole, and while a complaint must allege loss which is recognized in law as the proper subject of damages, a complaint alleging damages too remote or consequential to be recoverable is not demurrable if under the allegation therein it is possible that plaintiff may be able to prove damages which are recoverable; and the court will, after verdict, construe a complaint as alleging damages which are recoverable, if the language employed will admit thereof." 17 C. J., 999, sec. 301.

Therefore these assignments are not well made and must be overruled.

10. Defendants' tenth assignment is as follows:

"The court erred in failing and refusing to grant the defendants a new trial because of the error of that court in charging the jury as follows:

" 'The man driving the car is charged with the exercise of ordinary care and caution that an ordinarily prudent man would exercise with respect to his own business, his own affairs.' "

When the whole charge is read, it clearly means that the driver of the truck was only chargeable with that degree of care which an ordinarily prudent man driving a truck on an icy road would exer-

cise under the circumstances; hence we think it sufficient and the assignment is overruled.

"Assignments of error based upon charges to the jury are improper where they are directed at separate sentences of the same paragraph. The whole paragraph or section should be copied as written." International Corporation v. Wood, 8 Higgins, 10.

11. The eleventh assignment complains of one paragraph of the charge, in which the judge discussed the amount of damages to be allowed, and assigns as error the judge's failing to charge that they should allow compensation for the injury sustained.

Later in his charge the court told the jury that they should "fix his damages at reasonable and fair compensation." He then said:

"The damages, Gentlemen of the Jury, I repeat, should be compensatory, as near as money value could fix him back in the condition he was, and as would compensate him for the injury and loss."

The charge reiterates that the damages must be compensatory.

There was no request for additional instruction on the subject, and we think it sufficient. See opinion of this Court delivered at Nashville on July 20, 1931, in the case of Consolidated Bus Lines, Inc., v. Mrs. Julia Short, Rutherford County Law.

12. The twelfth assignment, that the whole charge is confusing, is not well made. We are of the opinion that the court sufficiently charged the jury on each proposition, and that it was plain enough for the jury to understand.

13. Defendants' thirteenth assignment, that the court erred in failing and refusing to charge the jury that plaintiff's remote negligence, if any, should be considered in mitigation of damages, is not well made for the reason that no special request was made for an additional charge on this subject, therefore no error can be predicated on the failure of the court to charge on the subject. The court cannot be put in error in the absence of a request for further instructions in the court below. Grace v. Curley, 3 Tenn. App., 1.

14, 15. We are of the opinion that the verdict of $8000 is not excessive. Mr. O'Neill was a comparatively young man, being only thirty-eight years of age at the time of the accident. He had been strong, able-bodied and athletic. As the result of the accident and injuries he now has a stiff knee. He has lost forty per cent of the use of his right leg, and the doctor testified that the condition of his knee will not improve. He is in the retail furniture business, does a large volume of business and has active personal charge of his business. It is difficult for him to walk up and down stairs in attending to his business. He is unable to walk any distance or take part in athletics of any sort.

His automobile was a La Salle sedan, 1930 model, that had been driven 15,000 miles. Its purchase price was $2500. After the accident he was offered $75 cash for it. He traded it in on a new La Salle to the company from which he had bought four other high priced cars at a valuation of $800.

His hospital bill and his doctor's bill amounted to $800, and he lost most of six months' time from his business.

16. The question raised in assignment number sixteen has been considered under section six hereof and the assignment is not well made.

All of the assignments of errors having been overruled the judgment of the lower court must be affirmed. A judgment will be entered in this court for $8000 and interest from August 4, 1931, to the present, in favor of Stanley J. O'Neill and against Grizzard and Cuzzort. The cost of the cause including the cost of the appeal is adjudged against Gizzard and Cuzzort and the surety on their appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.