CENTRAL PRODUCE CO. et al. v. GENERAL CAB CO. OF NASHVILLE, INC.—129 S. W. (2d) 1117.

Middle Section.    April 8, 1939.

Petition for Certiorari denied by Supreme Court, June 10, 1939.

E. D. Jackson, of Nashville, for plaintiff in errors Central Produce Co. and others.

O. B. Hofstetter, of Nashville, for defendant in error General Cab Co.

CROWNOVER, J. This is an action against the Produce Company and Head to recover for damages to an automobile as the result of a collision at a street intersection in the City of Nashville.

The defendants pleaded the general issue of not guilty.

The action was tried to a jury and resulted in a verdict for $500 in favor of the plaintiff and against the defendants, and judgment was entered accordingly.

The defendants' motion for a new trial was overruled and they appealed in error to this Court and have assigned errors, which are, in substance, as follows:

(1) There is no evidence to support the verdict.

(2) The court erred in refusing to charge the defendants' special requests Nos. 1, 2, and 3.

(3) The court erred in charging the jury as follows: "The Court charges you, Gentlemen of the Jury, that at the time of the accident the defendant Willard Head was driving the truck of the defendant Central Produce Company, on the business of the Company, and that said defendant Central Produce Company would be liable along with said Head, if you find him liable under the facts and the further charge of the Court."

(4) The court erred in charging the jury as follows: "The Court charges you that the physical facts shown by the evidence in

the case are to be considered by you along with the other evidence in determining how the accident occurred. That is to say, the injuries to the two cars, the car and the truck, and their positions in the street immediately following the accident should be considered by you as tending to show how the accident happened.''

(5) The court erred in charging the jury as follows: ''If you find from a preponderance of all of the evidence in the case that the plaintiff was guilty of contributory negligence, that is, if he failed to exercise ordinary care for his own protection, and such failure contributed in any degree directly as the proximate cause of the injury, then the plaintiff cannot recover in this suit and your verdict should be in favor of the defendant.''

(6) The court erred in charging the jury as follows: ''In the event you find for the plaintiff, you must find against both defendants.''

(7) The verdict is so excessive as to show passion, prejudice, and caprice on the part of the jury.

The collision out of which this action arose occurred at the intersection of Eighth Avenue North and Jo Johnston Avenue at about 5 o'clock in the morning, on Saturday, May 9, 1936.

Eighth Avenue leads north and south and is an arterial highway. It is paved with concrete pavement and is about 32 feet wide. Jo Johnston Avenue leads east and west, is paved with cobble stones, and is about 22 feet wide.

A taxicab belonging to the plaintiff General Cab Company was being driven north on Eighth Avenue by its employee carrying a passenger to some place in North Nashville.

A truck belonging to the Central Produce Company was being driven by its employee, Willard Head, west on Jo Johnston Avenue, carrying a load of merchandise.

The two vehicles collided in the intersection, a little west of the center. After the impact the taxicab ran into a pole which was standing on the northwest corner of the intersection; the truck ran into a pole on the same corner about 10 feet north of the pole which was struck by the taxicab.

The Cab Company's motion to affirm the judgment because it does not affirmatively appear that the bill of exceptions and the exhibits were authenticated by the trial judge within the time allowed by law and by his order must be sustained.

The trial judge affixed his signature to the bill of exceptions, but it is not shown on what date he signed it. The Clerk of the Court indorsed on it ''Filed, July 12, 1938,'' and signed his name as clerk. This was within the time allowed by the court for the filing of the bill of exceptions, but it is not evidence that the judge signed it within the time required.

The writing does not become a bill of exceptions until

signed by the trial judge. Tennessee Procedure by Higgins & Crownover, sec. 1918; Southern Ry. Co. v. Underwood, 8 Tenn. App., 142. And it must affirmatively appear that it was authenticated by his signature within the time allowed by law and by the court. Tennessee Procedure by Higgins & Crownover, sec. 1918; Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App., 394; Southern Ry. Co. v. Underwood, 8 Tenn. App., 142.

█ It also appears that the exhibits were not attached to the bill of exceptions and were merely marked "Identified, Dews, Judge." This is not sufficient, as it must appear that he authenticated them within the time allowed. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App., 394, 402.

In the recent case of Moore v. Chadwick, 170 Tenn., 223, 94 S. W. (2d), 49, the bill of exceptions was held sufficient, although the date on which it was signed by the judge did not appear, because the record as a whole showed that his signature was affixed within the time allowed. But in the present case the record does not show this.

It results that the motion to affirm the judgment must be sustained.

This disposes of the case, but as it may be carried to the Supreme Court we will pass on the assignments of errors.

1. The defendants' first assignment of error, that there is no evidence to sustain the verdict, is not well made and must be overruled.

The declaration contained three counts. In the first count the plaintiff averred that the defendant Produce Company's servant negligently and carelessly drove its truck into the street intersection in such manner as to cause it to collide with the plaintiff's cab. In the second count it is averred that the defendants violated a city ordinance requiring vehicles to come to a full stop before entering an arterial highway. In the third count it is averred that the defendants violated a city ordinance providing that no vehicle shall exceed a speed of 15 miles an hour at a street intersection. The said ordinances were copied into the declaration.

During the trial the following colloquy between counsel about the ordinances occurred:

"Mr. Hofstetter: Mr. Jackson on this question of the City Ordinance—

"Mr. Jackson: We will stipulate about that, we will read the city ordinance, whatever you say. I want it read to the jury, however.

"The Court: Of course."

But only a part of a city ordinance regulating vehicles crossing or turning into arterial highways was read to the jury, and the record does not show that that part of it requiring vehicles to come to a full stop before entering the intersection was read, or that the city ordinance fixing the speed of vehicles in street intersections was read to the jury.

█ These ordinances should have been proved. Rutherford v. Swink, 90 Tenn., 152, 16 S. W., 76.

The trial judge instructed the jury as to the liability of the defendants under the common law and for violation of the ordinances, and quoted the ordinances as set out in the declaration, to which the defendants made no objection.

No demurrer was filed and no motion in arrest of judgment was made in the trial court.

But, as above stated, counsel for the defendants stated that the ordinances might be stipulated. The trial judge upon this assumption charged the ordinances as set out in the declaration, and the defendants sat by and made no objection, hence we think they are bound by the statement of their attorney as he led the plaintiff to think that they were admitted in evidence by stipulation.

Where the trial court does not give instructions covering a party's theory it is his duty to request a correction. Elkin Motor Co. v. Ragland, 6 Tenn. App., 166, 167; Hamilton v. Carter, 14 Tenn. App., 337; Nashville Gas & Heating Co. v. Phillips, 17 Tenn. App., 648, 69 S. W. (2d), 914.

Hence we hold that the defendants cannot now deny that the ordinances were duly admitted in evidence.

We hold that the averment of negligence in the first count is a sufficient statement of a cause of action, in the absence of a demurrer or motion in arrest of judgment, and evidence of negligence will sustain a verdict where the evidence was not excepted to. Tennessee Procedure by Higgins & Crownover, secs. 486, 549; East Tennessee Coal Co. v. Daniel, 100 Tenn., 65, 73, 42 S. W., 1062; East Tennessee, Va. & Ga. R. Co. v. Pratt, 85 Tenn., 9, 1 S. W., 618, explained in Cotton Oil Co. v. Shamblin, 101 Tenn., 263, 271, 47 S. W., 496.

The verdict must be applied to those counts of the declaration that are supported by evidence. Tennessee Central R. Co. v. Umenstetter, 155 Tenn., 235, 291 S. W., 452.

However, we hold that there was evidence to sustain all three counts.

There were only two eye-witnesses to the collision—the driver of the taxicab and the driver of the truck.

Moore, the driver of the taxicab, testified that he was traveling north on Eighth Avenue North; that when he reached the intersection of Cedar Street he checked his speed and traveled at the rate of 30 miles an hour going down the hill from Cedar Street to Jo Johnston Avenue; that he was on his right-hand side of the road, almost in the center; that when he was about 10 feet south of the curb of Jo Johnston Avenue he saw the truck on Jo Johnston Avenue, about 15 feet from Eighth Avenue, traveling on the street car track at a rate of about 40 miles an hour; that he applied his brakes and turned to his left into Jo Johnston Avenue; that all four wheels locked and the car skidded along the street leaving skid marks; that when the taxi-

cab was in about the center of the intersection the truck collided with it, striking it about the center of the right front wheel; that the impact threw the rear end of the cab around into the side of the truck; then into a pole which was standing on the northwest corner of the intersection; that the truck went on, struck a pole north of the one struck by the cab, broke this pole off about 1½ feet from the ground and struck a brick building on the northwest corner of the intersection.

Willard Head, the driver of the truck, testified that he was driving along Jo Johnston Avenue at the rate of 15 to 25 miles an hour; that he stopped before entering Eighth Avenue; that when he first saw the taxicab it was 75 or 80 feet south of the intersection traveling at the rate of 50 miles an hour; that he was then in the intersection traveling at the rate of 3 to 5 miles an hour; that he applied his brakes, but before he could stop the taxicab struck his truck on the left side; that the blow caused his foot to fall off the brake onto the accelerator and the truck ran into the post; that the taxicab was pulled around by the impact and struck the side of the truck; that he did not hear the horn of the taxicab sounded but heard its tires sliding on the pavement.

Harry Bashaw, a policeman, member of the radio patrol, who reached the scene of the collision a few minutes after it happened, testified that Head told him he failed to stop before entering the intersection.

Herbert Thompson, colored, who was riding on the rear of the truck, testified that the driver stopped at the intersection, started off again in low gear, when it was struck.

Moore testified that Head admitted to him that he did not stop before driving into the intersection.

The pictures of the taxicab show the following damages: the right front fender bent back against the hood, a depression about the middle of the body on the right side, the rear right fender mashed, and the front guard of the radiator bent up.

An official of the Produce Company testified that the front bumper of the truck had a curve in the center, after the accident, the grill over the radiator was bent, and the left front fender was damaged on the side but not the front.

The evidence for the plaintiff is that its taxicab was struck by the defendant company's truck, and the evidence for the defendants is that the truck was struck by the plaintiff's taxicab. It was therefore a question for the jury to determine whose negligence caused the collision. The jury found that the truck hit the taxicab, and there is evidence to support the verdict, and this court is bound by the verdict. Garland v. Mayhall, 17 Tenn. App., 449, 452, 68 S. W. (2d), 482.

2. The defendants' second assignment is that the court erred in refusing to charge their three special requests, Nos. 1, 2 and 3.

The record shows that after the trial judge delivered his general charge to the jury and before the jury retired the defendants made one special request, which was charged by the judge and is numbered "4". Requests Nos. 1, 2 and 3, upon which this assignment is predicated, do not appear in the record, except in the motion for a new trial. It must affirmatively appear that the special requests were made after the delivery of the court's general charge to the jury and before the jury returned its verdict. Guaranty Fund Life Society v. Ford, 104 Tenn., 533, 535, 58 S. W., 239; Myers v. Taylor, 107 Tenn., 364, 64 S. W., 719; Abbott's Civil Jury Trials, 3d Ed., 645; Tennessee Procedure by Higgins & Crownover, sec. 1460.

It is not sufficient to set out the special requests in the motion for a new trial, as the motion is merely a pleading and is not evidence of what was done. Tennessee Procedure by Higgins & Crownover, sec. 1521; Hood v. Grooms, 4 Tenn. App., 511, 515.

However, we have read these special requests, as they are stated in the motion for a new trial, and are of the opinion that the court was not in error in refusing to charge them. In the first request the defendants asked the court to charge in regard to the plaintiff's failure to put a witness on the stand. The record does not disclose that there was a witness available, who was not called. He probably referred to the passenger in the taxicab. The record does not show whether he is dead or alive. The propositions of law contained in the second and third requests, in regard to contributory negligence of the plaintiff, were sufficiently charged in the court's general charge.

3 & 4. The judge's charge, taken as a whole, correctly sets out the propositions involved in these two assignments.

5. The defendants complained of a paragraph of the judge's charge, which is as follows: "If you find from a preponderance of all of the evidence in the case that the plaintiff was guilty of contributory negligence, that is, if he failed to exercise ordinary care for his own protection, and such failure contributed in any degree directly as the proximate cause of the injury, then the plaintiff cannot recover in this suit and your verdict should be in favor of the defendant."

This is a correct statement of the law. The burden of proving that the plaintiff was guilty of contributory negligence was upon the defendant. Hines v. Partridge, 144 Tenn., 219, 236, 231 S. W., 16.

6. The defendants' sixth assignment is predicated upon a sentence of the court's charge, hereinabove set out. When the charge is read, it clearly means that if the jury, under the evidence, found the driver Head liable, the principal would also be liable. This was correct and there is no error in the charge.

"Assignments of error based upon charges to the jury are im-

proper where they are directed at separated sentences. . . . The whole paragraph or section should be copied as written." International Corporation v. Wood, 8 Tenn. Civ. App., 10, 8 Higgins, 10; Grizzard & Cuzzort v. O'Neill, 15 Tenn. App., 395, 404.

7. The verdict is not excessive. The plaintiff's testimony is that the automobile was worth $750 immediately before the collision, and was worth only $100 afterward, in its wrecked condition. The measure of damages is the difference in its market value just before and after the collision. Grizzard & Cuzzort v. O'Neill, 15 Tenn. App., 395; Smith v. Fisher, 11 Tenn. App., 273.

All the assignments of errors having been overruled, it results that the judgment of the lower court is affirmed. A judgment will be entered in this court for $500 and interest from May 24, 1938, to the present, in favor of the plaintiff and against the defendants. The costs of the cause including the costs of the appeal are adjudged against the defendants and the surety on their appeal bond.

Faw, P. J., concurs.

FELTS, J., concurs except in the holding that the bill of exceptions was not authenticated by the trial judge within the time required. It bears the trial judge's signature and just below the judge's signature the clerk's endorsement showing that it was filed within time. This would seem a sufficient showing of due authentication, because it is more reasonable to presume that the trial judge signed the bill of exceptions before it was filed by the clerk than to presume that he did so afterward.