Hazard Powder Co. v. Volger.

HAZARD POWDER CO. v. VOLGER.

(June 12, 1888.)

PLEADING—DEFECTIVE DECLARATION—AIDER BY VERDICT.

1. In an action for injuries caused plaintiff's wife, house, and furniture by a single explosion of gunpowder, it is not proper to set forth the injury to each, as a separate cause of action, in a distinct and separate count of the declaration.

2. Where a petition states that defendant stored gunpowder in excess of 50 pounds, in vio lation of "a certain ordinance," and that by defendant's negligence and such unlawful storage of gunpowder there occurred an explosion, which caused injury to plaintiff, such declaration is defective in failing to positively aver the existence of an ordinance forbidding the storage of gunpowder in excess of 50 pounds, and in neither directly charging defendant with negligence nor stating in what the implied negligence consists.

3. Such defects may be reached by motion for a peremptory instruction at the close of the evidence, as well as by demurrer or request that plaintiff be required to plead more particularly, and, if such motion is made, the defects in the declaration are not cured by verdict.

Error to district court.

Action by Schultz Volger against the Hazard Powder Company to recover damages for injuries caused by the explosion of gunpowder. Judgment for plaintiff, and defendant brings error. Reversed.

SAUFLEY, J. On the 8th day of July, 1885, a powder magazine, situate within the corporate limits of the city of Cheyenne, owned by the plaintiff in error, exploded, resulting, as is alleged, in injury to the person of the wife of defendant in error, and to his property. Suing for damages on account of the alleged injuries, the plaintiff below in his petition set forth three separate causes of action. Upon what principle of pleading it was deemed proper or even advisable to attempt a division of one cause of action into three distinct and separate causes is not easily perceived. The complaint is of injury resulting from an explosion of powder. The fact that a part of those injuries consisted in the wounding of the wife, a part in the destruction of furniture, and a part in injury to a house, cannot be regarded as a proper reason for setting forth each specific injury in a separate count or paragraph as an independent cause of action. There may be various elements of damage inflicted upon a person by the performance of one illegal act, but the act affords the cause of action or complaint. It is a legal unit, and is not the subject of subdivision because sundry injuries may result from it.

But, without objection, issue was taken on the averments of the petition in manner and form as alleged; the trial resulting in a verdict for the sum of $800 as compensatory damage sustained by the plaintiff in the loss of service of his wife, and for her nursing and medical attendance. The substance of the so-styled third cause of action is that "the Hazard Powder Company, at the city of Cheyenne, was unlawfully and illegally conducting and carrying on the business of storing gunpowder and other explosives, in violation of a certain ordinance of the said city of Cheyenne, on the 2d July, 1885; that, before the injury complained of, said powder company erected, in said city of Cheyenne, a certain magazine or store-house, built of stone, mortar, and other building materials, in which it was then illegally, unlawfully, and wrongfully storing gunpowder and other dangerous explosives in great quantities, to-wit, more than fifty pounds of gunpowder, in violation of the provisions of said ordinance; and that plaintiff was legally possessed, at said time, of certain lands contiguous thereto, on which was standing a dwelling-house and other buildings; that by and through the negligence and carelessness and great lack and want of proper care on the part of the defendant, and by the unlawful storing of large quantities of gunpowder, as aforesaid, said gunpowder then and there exploded, and the house in which the same was stored was blown to pieces, and a large quantity of stones, of which said house was constructed, was thrown against Carrie Volger, wife of the plaintiff, doing her great bodily harm and injury." This count being the only one on which a verdict was found, it is not necessary to consider the sufficiency of the other two. On this count a recovery is sought upon two grounds: (1) Because the storage of the powder in excess of 50 pounds was in violation of a city ordinance; and (2) because of negligence, carelessness, and the want of proper care, in some unalleged and unexplained way, on the part of the defendant. It is obvious that, whatever cause of action the plaintiff may have, he has not properly pleaded it in this count. There is wholly wanting a direct and positive averment that there was, at the time of the explosion, a city ordinance in existence forbidding the storage of powder within corporate limits, in excess of 50

pounds. To say that the storage in such quantity was in violation of an ordinance may be a persuasive, indeed an infallible, argument that such ordinance existed; but it falls short of an affirmative, direct allegation to that effect. That argumentative pleading is not permissible is elemental. It is, however, not necessary to devote special attention to this particular feature of the pleading, since there seemed to be a total failure of proof on that point. The most radical defect, however, in the petition, consists in the failure to aver any act of negligence on the part of the powder company. That the latter may be responsible for the injuries caused by the explosion, it must have either failed to do some act which ordinary prudence demanded should be done, or it must have positively done that which prudence required should not have been done. Either state of case would have fixed its responsibility. But it is not in any form alleged that the company was guilty of either an act of commission or omission, the natural sequence of which was an explosion. There is, at least, but a vague allegation of negligence, carelessness, and the want of proper care on the part of the defendant. Even on the assumption that a charge of negligence, unaccompanied by a statement of the act constituting it, would entitle plaintiff to recover, the pleader should, in direct form, charge the defendant with being guilty of negligence, and then aver that the injury resulted therefrom. It is scarcely sufficient to aver that an injury resulted from the carelessness of another, without alleging that such other is guilty of carelessness. A defendant either in a civil or criminal prosecution is entitled to demand that whatever accusation is made against him shall be made in a positive, direct form, leaving nothing to inference or argument, so that the issue may be one of fact, and not of logic. The third count in the petition was defective in the respect indicated.

But the defendant, without demurring or moving the court for a rule on plaintiff to require plaintiff to plead more specifically, accepted the issue as tendered, and submitted to trial, with the result stated. Ordinarily, the effect of the verdict, where the defects of the petition are of the character indicated, would be to cure the defect, and the defendant could not be heard to complain of them either in his motion for a new trial or on appeal. In this case, however, the defendant is saved from the rigor of this rule by its motion for a peremptory instruction at the conclusion of the evidence. Under that motion the court had power to give to defendant practically the same relief that it might have given on a demurrer, or a motion to require plaintiff to plead with greater particularity. The motion for a peremptory instruction should have been granted, and for that reason the judgment of the district court is reversed.

M&INNIS, C. J., and CORN, J., concur.