M. FERST'S SONS & CO. v. POWERS.

J. J. & J. E. MADDOX v. POWERS.

ATTACHMENT issued in one action will be set aside on motion, on ground that there is another action pending between same parties on same cause of action.

Before BUCHANAN, J., Laurens, January, 1900. Affirmed.

Two cases—suits on account by (1) M. Ferst's Sons & Co. against John H. Powers, and (2) J. J. & J. E. Maddox against same. From order dissolving attachment, plaintiffs in both cases appeal.

*Messrs. Irby & Rabb* and *Graydon & Giles,* for appellant, cite: Bail. Eq., 293.

*Messrs. Ferguson & Featherstone,* contra, cite: 40 S. C., 2; 31 S. C., 360; 32 S. C., 320; 20 S. C., 503; 33 S. C., 28.

Aug. 2, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. These two cases, being identical, except as to names and amount, were heard and will be considered together. Indeed, these two cases were heard in connection with the case of M. Ferst's Sons & Co. and J. J. & J. E. Maddox against John H. Powers and John W. Fowler, in which the opinion of this Court has been prepared and should be filed at the same time as this opinion is filed. For convenience, the case just named will be designated as appeal No. 1, while the present case (embracing the two cases named in the title of this opinion) will be designated as appeal No. 2.

It appears that very soon after his Honor, Judge Buchanan, had granted his order vacating the attachment, which was the subject matter for consideration in appeal No. 1, these plaintiffs commenced separate actions against John H. Powers for the sole purpose of recovering the amounts

alleged to be due them, respectively, for goods sold and delivered; and at the same time sued out warrants of attachment. Thereupon, the defendant, in each of the cases, made a motion before his Honor, Judge Buchanan, to vacate the attachments on the several grounds set out in the case. It was stated in the notice of the motion that it would be based upon the pleadings and affidavits in these actions, and also upon the pleadings and affidavits in the action which we have designated as appeal No. 1. The motion was granted upon the single ground that there being another action pending for the same cause, these actions cannot be maintained, and, therefore, the attachments must be set aside. The present appeal presents the single question whether there was error in such ruling. We agree with the Circuit Judge. As will be seen by reference to our opinion in appeal No. 1, it is clear that the action in that case, so far as one of the causes of action there stated is concerned, was the same as the cause of action set forth in the pleadings in these cases. That case, unquestionably, is still pending, and plaintiffs cannot be permitted to pursue the defendant, Powers, on the same cause of action in two cases at the same time. For if, as was shown in the opinion prepared in appeal No. 1, the plaintiffs in these two cases may, if they prove their claims, obtain judgment for the amount of their claims for goods sold and delivered, they certainly cannot maintain these actions based upon the very same claims, as long as that case is pending. And if they have no cause of action in these two cases, then they are not entitled to the attachments. *Central R. R. Co.* v. *Georgia Company,* 32 S. C., 319. The contention on the part of the appellant that the question whether another action is pending for the same cause, cannot be raised by a motion, but that it must be set up by plea or answer, cannot be sustained. One of the facts necessary to be shown by affidavit in order to obtain a warrant of attachment, is that a cause of action exists, and if that is not only not shown, but is negatived by the affidavits or the motion papers, then the attachment cannot stand. See *Baum* v. *Bell,* 28 S. C., 201.

The judgment of this Court is, that the order appealed from be affirmed.