### POLING v. WASHINGTON LOAN & TRUST CO.

(Court of Appeals of District of Columbia. Submitted April 4, 1923. Decided May 7, 1923.)

No. 3893.

1. Action ⊙⇒53(2)—Cause for different damages from same wrong cannot be split.

Assuming that a tenant may recover damages resulting from the inconvenience and humiliation suffered by her as a result of a wrongful eviction, as well as for the injury to her furniture, the recovery of such damages constitutes but a single cause of action, which cannot be split into several actions.

2. Appeal and error ⊙⇒1138—Final judgment for plaintiff on one count, not appealed from, precludes reversal of judgment for defendant on other counts for same cause.

Where the three counts of a declaration were all based on the same cause of action for wrongful eviction of a tenant, a judgment for plaintiff on the first cause of action, which had become final by failure to appeal therefrom within the time allowed, would prevent a subsequent recovery on the other two counts, even if the exclusion of those counts from the jury was error, so that the judgment must be affirmed on appeal only from the ruling excluding those two counts from the jury.

Smyth, Chief Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Action in tort by Virginia Poling against the Washington Loan & Trust Company. Judgment for plaintiff on the first count of the declaration, after the trial court had struck out the other two counts of the .

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

declaration, and plaintiff appeals from the action excluding the other two counts. Affirmed.

F. S. Key-Smith, of Washington, D. C., for appellant.

Arthur Peter, J. W. Whiting, and W. W. Ross, all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an action in tort brought by appellant, plaintiff below, to recover damages resulting from an alleged unlawful and wrongful eviction of plaintiff by appellee, defendant, from an apartment in premises No. 1200 Seventh Street Northwest, in this city.

The declaration was in three counts; each count was in trespass vi et armis. In the first count plaintiff alleged that she was lawfully in possession of the premises, and that defendant forcibly entered the same and ejected and dispossessed her, setting her furniture and other personal effects in the street, and injuring and damaging them in the sum of $1,000. The second count alleged the same lawful possession, forcible entry, and eviction of the plaintiff, and for injury to her reputation, mental anguish, and humiliation she claimed damages in the sum of $10,000. The third count alleged the same forcible wrong, and claimed damages in the amount of $10,000 for the trouble and expense to which plaintiff was put in order to secure another place of abode for herself and family.

Issue was joined on the defendant's general issue plea of not guilty.

The facts, briefly stated, are that plaintiff acquired possession of the second floor of the premises from which she was evicted in the spring of 1917, under a lease from one Dr. Leon, who then held a lease from defendant upon the entire premises. At the expiration of this lease, in the fall of 1917, the tenant vacated, leaving plaintiff in possession. Defendant was aware that plaintiff remained in the premises, and subsequently leased the entire property to a tenant named White. Plaintiff attorned to the new tenant, by paying rental for the portion of the building occupied by her, which rent was accepted. Subsequently White vacated the premises, sending defendant the key to the storeroom, which embraced the first floor of the building, leaving plaintiff in possession of the second floor. An action was instituted by defendant in the municipal court to eject White, and upon the process thus obtained plaintiff was evicted.

On motion of counsel for defendant, the court struck out counts 2 and 3 of the declaration, and submitted the case to the jury on the first count. The jury returned a verdict for the plaintiff in the sum of $500. Neither party appealed from this judgment, and it has become final.

From the action of the court, excluding from the consideration of the jury the second and the third counts of the declaration, this appeal was taken.

A number of defenses to the action of the court below, in excluding counts 2 and 3, are presented by counsel for defendant. We think.

however, that the case can be disposed of on the single question of whether or not the judgment on the first count, having become final, is a bar to further action on the second and third counts. To sustain plaintiff's present contention would be equivalent to sustaining the right to proceed upon a new cause of action to obtain a separate judgment. Plaintiff sued for the same wrong in all three counts. She obtained a verdict and judgment upon the first count, which is now final. No appeal was taken from the judgment, but she seeks on appeal from the judgment against her on the second and third counts to procure a new trial, and a separate recovery on these counts, irrespective of the judgment already recovered.

[1] Assuming, without deciding, that plaintiff might in this action have recovered damages, resulting from inconvenience and humiliation, these conditions were the result of the alleged unlawful eviction of plaintiff from the premises. They relate to and depend upon the single act of forcibly removing her belongings from the building into the street. This court in Tribby v. O'Neal, 39 App. D. C. 467, declared it to be "a familiar rule that one cause of action cannot be split up and sued upon in several suits," and the test there announced "is whether the remedies pursued in two or more suits could have been included in one." Although differing from the English rule (Brunsden v. Humphry, L. R. 14 Q. B. Div. 152), we think the practice is well settled in the courts of this country that, though injuries may be diversified in character, if a party is entitled to sue, he may recover in one action all the damages proximately inflicted as the consequence of a wrongful or negligent act. Doran v. Cohen, 147 Mass. 342, 17 N. E. 647; King v. Railroad, 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 Am. St. Rep. 238; Hazard Co. v. Volger, 3 Wyo. 189, 18 Pac. 636; Seger v. Barkhamsted, 22 Conn. 295; Lamb v. Railroad, 33 Mo. App. 489; Railroad v. Lintner, 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461; Railroad Co. v. Matthews, 115 Tenn. 172, 91 S. W. 194; Cassidy v. Berkovitz, 169 Ky. 785, 185 S. W. 129.

In the Hazard Case the suit was for damages to person and property arising from the explosion of a powder magazine, in which the cause of action was set forth in the petition in three separate counts. On this point the court said:

"Upon what principle of pleading it was deemed proper, or even advisable, to attempt a division of one cause of action into three distinct and separate causes, is not easily perceived. The complaint is of injury resulting from an explosion of powder. The fact that a part of those injuries consisting in the wounding of the wife, a part in the destruction of furniture, and a part injury to a house, cannot be regarded as a proper reason for setting forth each specific injury in a separate count or paragraph as an independent cause of action. There may be various elements of damage inflicted upon a person by the performance of one illegal act, but the act affords the cause of action or complaint. It is a legal unit, and is not the subject of subdivision because sundry injuries may result from it."

The reason for this rule of pleading is stated by the Minnesota court in King v. Railroad, supra, as—

"more in harmony with the tendency toward simplicity and directness in the determination of controversial rights. That rule of construction should be adopted which will most speedily and economically bring litigation to an

end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights of an injured party as in this case, and much may be saved if one action is made to cover the subject."

[2] It follows, therefore, that, inasmuch as there was but one cause of action set forth in the declaration, the final judgment upon the first count is a bar to further proceedings upon the second and third counts.

The judgment is affirmed, with costs.

SMYTH, Chief Justice, dissents.