14152

FLICKNER v. ONE CHEVROLET TRUCK AND TRAILER

(182 S. E., 104)

**54**

[redacted]

*Mr. J. C. Long,* for appellant,

*Messrs. Hagood, Rivers & Young,* for respondent,

October 31, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On September 15, 1934, the appellant, through John W. Burton, magistrate of Charleston County, having jurisdiction in the territory where the collision between the appellant's automobile and the respondent truck and trailer occurred, had the said respondent truck and trailer attached, alleging that the truck and trailer was being operated negligently in violation of the provisions of law at the time of the collision, and that the appellant had received personal injuries thereby to his loss in the sum of $100.00. At the time of the attachment, a summons for relief, complaint not served, was used in the attachment proceedings.

On September 19, 1934, the appellant secured the attachment of the truck and trailer in an action brought in the Civil and Criminal Court of Charleston, the said Court having jurisdiction in the territory where the collision occurred. The attachment in this case alleged that the truck and trailer was being operated at the time of the collision negligently and in violation of the provisions of law, and that as a result of the said negligence the appellant had received property damage to his automobile to his loss in the sum of $1,400.00.

In due time answers were interposed in both actions and notice of motion was served to dissolve the attachment in the action brought in the Civil and Criminal Court of Charleston upon the grounds:

1. That the attachment was irregularly and improvidently issued due to the fact that the truck had previously been attached in the magistrate's Court;

2. That a plaintiff is not entitled to bring separate suits for personal injuries and property damage arising out of the same collision; and

3. That the second attachment was irregular and improvidently issued and that the statement that a cause of action existed was incorrect, in that it stated a cause of action existed against the defendant when a cause of action could not have existed due to the first action brought by the plaintiff.

The motion was heard before Judge Paul M. Macmillan of the Civil and Criminal Court, who sustained the respondent's position that the attachment had been improvidently issued due to the pendency of another action for damages arising out of the same facts.

Upon appeal the order of Judge Macmillan was sustained by the Circuit Judge, the Honorable G. B. Greene, and from the order of the Circuit Judge sustaining the order of Judge Macmillan, dissolving the attachment in the second action, this appeal is taken.

The exceptions need not be separately considered, as the questions involved, according to the appellant, are as follows:

1. Should an attachment of a motor vehicle for property damage, brought in a Court of competent jurisdiction, be dissolved by motion made upon the ground of the prior attachment of said vehicle by the same plaintiff in another Court for personal injuries sustained in the same collision when neither of the said cases had been tried or adjudicated?

2. Is a motion to dissolve an attachment of a motor vehicle in one Court due to the fact that the same vehicle has been previously attached in another Court for different damage to the same plaintiff in an automobile collision while both actions are pending proper, or should the defect, if any existed, be taken advantage of by motion or demurrer or plea after the conclusion of one of the actions?

Both of these questions were squarely raised and have been conclusively answered by this Court in the case of *Ferst's Sons v. Powers,* 58 S. C., 411, 36 S. E., 749, opinion by Mr. Chief Justice McIver. The appeal was from order of the Circuit Judge dissolving an attachment in a second action based upon the same cause of action as one pending between the parties. The Court says: "The motion was granted upon the single ground that; there being another action pending for the same cause, these actions cannot be maintained, and therefore the attachments must be set aside. The present appeal presents the single question whether there was error in such ruling. We agree with the Circuit Judge. * * * The contention on the part of the appellant that the question whether another action is pending for the same cause cannot be raised by a motion, but that it must be set up by plea or answer, cannot be sustained. One of the facts necessary to be shown by affidavit in order to obtain a warrant of attachment is that a cause of action exists; and if that is not only not shown, but is negatived, by the affidavits on the motion papers, then the attachment cannot stand."

The appellant in this case could not split his cause of action for personal injuries and for property damage. *Holcombe v. Garland & Denwiddie, Inc.,* 162 S. C., 379, 160

S. E., 881. The cause of action in each case was concededly the same. It follows that the order dissolving the attachment in the second action was proper.

All exceptions are overruled.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.