14953

FLOYD v. C. I. T. CORPORATION

(5 S. E. (2d), 299)

February, 1939.

*Messrs. Samuel Want, James S. Verner* and *Sam Rogol,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

November 1, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Plaintiff brought his action by the service of a complaint which alleged a single cause of action demanding damages in the sum of $3,000.00 on account of the facts, or the incident, set out in the complaint. Defendant moved that plaintiff be required to make his complaint more definite and certain by separating the three causes of action which appellant alleged were jumbled in the complaint. The motion was granted and in due time the amended complaint was served, in which were stated to be three causes of action. Thereupon, the appellant moved that respondent be required to elect upon which of the three causes of action he would go to trial, and that the two causes of action not elected be dismissed. Appellant further moved that if such election be not ordered, then that the second and third causes of action be dismissed and the respondent be limited to the first cause of action. Appellant also demurred to the third cause of action on the ground that it showed no legal injury inflicted upon the respondent and no damages sustained by the respondent as the result of any legal injury. The motion was refused and the demurrer overruled. Hence, this appeal.

There are five exceptions, which appellant holds in its brief to state three questions for consideration, viz.:

"I. The demurrer to the thirl cause of action should have been sustained because it shows no injury to or damage sustained by the respondent (Exceptions Nos. 1 and 2).

"II. The respondent should have been required to elect upon which of the three causes of action stated in the complaint he will proceed, and the suit should have been dismissed as to the other two causes of action (Exceptions Nos. 2, 3, 5 and 6).

"III. The facts set forth in the second cause of action do not show trespass to real estate, as held by the opinion of the lower Court (Exception 4)."

Upon the argument of the motion it appears that respondent's counsel suggested in argument that appellant had asked that the causes of action be separated

and now objected to the separation. This is not, as appellant's counsel suggest, "sound criticism," They say: " * * * . We are not here objecting to the separation of the causes of action; we are raising at the first available time the point that the separate causes of action cannot be joined in a single complant, because (1) All three causes of action are founded . upon the same incident, and give rise to only a single cause of action, in which damages cannot be recovered for loss of the wife's services and for assault and for trespass. (2) The third cause of action, relating to the loss of services of the respondent's wife, on the facts stated, shows no legal injury to or damage suffered by the respondent, and (3) the respondent should be required to inform the appellant in advance whether this case will be tried before a jury as an action for assault, or as one for trespass."

In the order of Judge Sharkey, on the motion to make the complaint more definite and certain · by separating the several causes of action, from which there is no appeal, he said:

"It appears to me that the defendant's motion to make the complaint more certain and definite by separating the several causes of action that may be deduced therefrom is the sound method of requiring the plaintiff to put the defendant on notice of just what character of case the plaintiff intends to make before the jury.

" * * * Just as it is impossible for the defendant to know the precise cause of action upon which the plaintiff intends to rely, as the complaint is now drawn, so it is equally impossible for this Court to pass upon the propriety of some of the allegations of the complaint which the defendant seeks to have stricken out, so long as the complaint remains susceptible of construction of setting up several causes of action of a character that are wholly dissimilar."

This prelude brings us to the consideration of the issue in the case, the solution of which, in our judgment, is decisive of the whole case.

Has plaintiff split a single cause of action into three causes of action? If so, his complaint is fatally defective in that shape.

The rule is thus stated in Bliss on Code Pleading, page 155, Section 118, *et seq.*: "It is a rule that one cause of action—as, one springing from a single contract—cannot be so split as to authorize more than one action; and the same rule would make it improper to so divide a single cause of action, by separate statements in one complaint, as to show more than one cause of action."

The same author says in the same section: "Logically, every wrong furnishes itself a cause of action, *but different wrongs may be so blended as to be called a single wrong, as to furnish but a single cause of action, especially with reference to the policy of the law, which discourages a multiplicity of suits.* A distinguished common-law Judge in New York says: *'All damages arising from a single wrong, though at different times, make but one cause of action; and all debts and demands already due by the same contract make one entire cause of action.'* " (Italics added.)

Let us analyze the complaint in this action by the above-stated rule.

Paragraphs II and III of the first cause of action of the amended complaint state that:

"II. That on or about August 16, 1938, at about 3:00 P. M., one Harper, the agent of the Defendant C. I. T. Corporation, came to the plaintiff's home at Aynor, S. C., and asked if the plaintiff had any money for him to catch up his payments on his car which was financed through the Defendant, the said Harper at the time acting about the business of and within the scope of his duties for the Defendant C. I. T. Corporation, whereupon the plaintiff informed the said agent that his wife had made a payment of Twenty ($20.00) Dollars to the Defendant a few days before.

"III. That the Defendant's agent Harper thereupon told the plaintiff that no such payment had been made and ac-

cused the Plaintiff's wife of lying in saying that such payment had been made; that upon the plaintiff's telling the said Harper to leave his premises, the Defendant's agent Harper dared the plaintiff to come out of his house; and upon the Plaintiff's informing the said Harper that his wife was ill, the said Harper cursed the Plaintiff and angrily informed the Plaintiff that he intended to take his car; that, upon the Plaintiff starting out of his house and ordering the Defendant's agent Harper to leave his premises, the said Harper again cursed the Plaintiff and refused to leave the premises; that the said Harper then went to his own car and took something which the Plaintiff believes was a revolver out of the pocket of his car, and while holding the said instrument in his pocket in such manner as to appear to have a weapon aimed at the Plaintiff, came back towards the Plaintiff's house, cursing and abusing the plaintiff, and again dared the Plaintiff to come out, saying: 'Damn you, I'll fix you if you come out of the house' and after cursing and threatening the Plaintiff for some time, and further threatening to take away the Plaintiff's car, the said Harper finally left the Plaintiff's premises."

Upon the strength of these allegations, the plaintiff charges that an assault was committed.

The second cause of action cites almost identically the same statement of facts and denominates the action of defendant's agent Harper as a trespass.

The third cause of action sets forth practically the same facts and alleges that because of them the plaintiff lost the services of his wife.

Each cause of action alleges damages in the sum of $1,000.00, and there is a prayer for judgment in the sum of $3,000.00.

Is there a doubt that the litigation arose out of one incident, one occurrence? That each statement (or cause of action) complains of the same conduct of the agent of the defendant, and, hence, states but one cause of action?

The question here involved has often been before the Courts of this State, and others, and a review of the authorities demonstrates that a clear preponderance of them supports the rule that where the cause of action grows out of one incident, it cannot be split to support more than one.

"A single cause of action cannot be split either as to relief demanded or grounds on which recovery is sought * * *."

"Splitting a cause of action is the bringing of an action for only a part of the cause of action." 1 C. J. S., Actions, page 1306, § 102.

"The rule against splitting causes of action applies to causes of action arising *ex delicto,* the rule being that a single wrong gives rise to but one cause of action, for which but one action can be maintained, however numerous the elements or items of damage resulting therefrom may be * * *." 1 C. J. S., Actions, page 1329, § 104.

In the case of *Floyd v. American Employers' Ins. Co ,* 187 S. C., 344, 197 S. E., 385, 387, this is said:

"In *United States v. Throckmorton,* 98 U. S., 61, 25 L. Ed., 93, it is said by the Federal Court that (page 65) 'There are no maxims of the law more firmly established, or of more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy, namely, interest *rei publicae ut sit finis litium,* and *nemo debet bis vexari pro una et eadam causa.'* Hence the principle is uniformly and inflexibly maintained that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand. A claim which is in its nature entire cannot be split up into several causes of action, and if suit is brought for a part only of the items constituting an entire claim, recovery for that part will bar recovery in any subsequent suit for the residue or any other items

of the same demand. *Pomeroy v. Prescott,* 106 Me., 401, 76 A., 898, 138 Am. St. Rep., 347, 21 Ann. Cas., 574.

\* \* \*

"The rule invoked is analogous to that which prevails with reference to torts. It is well settled that a single tortious act which causes only personal injuries gives to the injured individual but a single right of action, no matter how varied or numerous the injuries may be. It is equally as clear that but one action may be maintained for a single wrongful or negligent act which destroys or damages numerous items of another's property. In harmony with the principle just enunciated, the great weight of authority in this country is to the effect that a single tortious act which causes another to suffer both personal injury and property damage constitutes but one cause of action." Citing many authorities from this and other jurisdictions.

In the case of *Flickner v. One Chevrolet Truck & Trailer,* 178 S. C., 53, 182 S. E., 104, 105, it is held that: "The appellant in this case could not split his cause of action for personal injuries and for property damage. *Holcombe v. Garland & Denwiddie, Inc.,* 162 S. C., 379, 160 S. E., 881. The cause of action in each case was concededly the same.

\* \* \* "

In the case of *Holcombe v. Garland & Denwiddie, Inc., supra,* this is found (162 S. C., 379, 160 S. E., 883) :

· "Defendant negligently injured plaintiff's wife and destroyed his horse and buggy. Plaintiff brought action for medical expenses, etc., in treating his wife, for loss of services of wife, damage to property and expense, and joined all in one action. Defendant demurred for misjoinder of action. Overruled.

"McClellan, C. J., delivering the opinion on appeal said:

" 'We know of no principle of law or decided case which requires him to split this one cause of action into two or more because the injuries he sustained may be diversified in character. To the contrary, he must lay all he has suffered in one action, or, failing in that, he foregoes his claim for such

part of the injury as he does not count upon.' *Birmingham So. Ry. v. Lintner,* 141 Ala. 420, 38 So. 363, 365, 3 Ann. Cas., 461, found in 109 Am. St. Rep., 40."

The Court of Appeals of the District of Columbia, in the case of *Poling v. Washington Loan & Trust Co.,* 53 App. D. C., 212, 289 F., 610, 612, clearly states the rule which we are discussing. True, this decision is not binding on us, but it is pertinent for the purpose of showing how universal is the recognition of the rule that a single cause of action, or delict, cannot be split into two or more causes of action. We quote from the *Poling case*:

" * * * This court in *Tribby v. O'Neal,* 39 App. D. C. 467, declared it to be 'a familiar rule that one cause of action cannot be split up and sued upon in several suits,' and the test there announced 'is whether the remedies pursued in two or more suits could have been included in one.' Although differing from the English rule (*Brunsden v. Humphry,* L. R. 14 Q. B. Div. 152), we think the practice is well settled in the courts of this country that, though injuries may be diversified in character, if a party is entitled to sue, he may recover in one action all the damages proximately inflicted as the consequence of a wrongful or negligent act." Citing numerous authorities, among them *Hazard Co. v. Volger,* 3 Wyo., 189, 18 P., 636.

"In the *Hazard Case* the suit was for damages to person and to property arising from the explosion of a powder magazine, in which the cause of action was set forth in the petition in three separate counts. On this point the court said:

" 'Upon what principle of pleading it was deemed proper, or even advisable, to attempt a division of one cause of action into three distinct and separate causes, is not easily perceived. The complaint is of injury resulting from the explosion of powder. The fact that a part of those injuries consisting in the wounding of the wife, a part in the destruction of furniture, and a part injury to a house, cannot be regarded as a proper reason for setting forth each specific

injury in a separate count or paragraph as an independent cause of action. There may be various elements of damage inflicted upon a person by the performance of one illegal act, but the act affords the cause of action or complaint. It is a legal unit, and is not the subject of subdivision because sundry injuries may result from it.'"

In the case of *Threatt v. Brewer Mining Co.,* 49 S. C., 95, 26 S. E., 970, there is an exhaustive and clear consideration and elucidation of the facts which led to the announcement by this Court of the rule: "A complaint for damages and injunction, which alleges several elements of damage, states but one cause of action."

The plaintiff (Threatt) brought action to recover damages for injury to his lands by reason of the operation of defendant mining company and for injunction. The case is thus stated in this Court's opinion: "* * * What the plaintiff in the case at bar really seeks is to prevent the defendant, through its milling operations, from invading his right of property. The injury to his bottom lands is one element in this invasion of his right of property; the injury to his right to water his stock in the stream is another element; the injury to pure air at his home is another element; the injury to his fishing privilege in such stream is another element; the injury to the two neighborhood roads is another element; the injury to his ditches another element; and the injury to the air he breathes while in his bottom lands is another element. All these elements enter in to complete the alleged wrong to plaintiff by this defendant through his milling operations. The circuit judge evidently took this view of the complaint when he overruled this objection to it. We take the same view of this matter, and therefore, overrule these two exceptions."

The Circuit Judge had held that the complaint had stated but one cause of action.

In the case at bar the trial Judge, in overruling the demurrer and denying defendant's motion, held that the matter is controlled by *Matheson v. Telegraph Co.,* 137 S. C., 227,

135 S. E., 306. Clearly this is an error of citation. That case is not concerned with the question then before the Court. There is a case of *Matheson v. Am. Tel. Co.,* 125 S. C., 297, 118 S. E., 617, 618, which does relate to the question, but we think that the trial Judge erred when he held that it controlled the decision in this case.

In that case the complaint stated two causes of action; one for trespass growing out of an incident which it is alleged occurred in September, 1922, and one for abusive language which it is alleged by the complaint to have occurred October 16, 1922. A motion was made to require the plaintiff to state these causes of action separately. The motion was refused. On appeal this order was reversed. The Court said: "In the appeal from the order refusing the motions of the defendants, there are four exceptions, but they raise the single point that the complaint contains two separate and distinct causes of action, namely, a cause of action for injury and damage to the premises and realty of plaintiff, and a cause of action for injury and damage to the person of the plaintiff *upon another occasion than the trespass*; and that for that reason the defendants were entitled to an order requiring the plaintiff to amend the complaint, making it more definite and certain by separately stating two causes of action." (Italics added.)

We have underscored the language of the opinion which marks the difference between that case and this with which we are now concerned. We continue the quotation from the opinion as follows: "It is obvious that the complaint contains two separate and distinct causes of action against the defendants. In the first four paragraphs the plaintiff seeks to recover for an alleged willful and wanton trespass upon the premises of the plaintiff and the consequent injury and damage to the realty resulting therefrom; in paragraphs 5 and 6 she seeks to recover for a trespass to her person, resulting from an altercation which occurred some two weeks after the alleged trespass and damage to the realty, and alleges that from the conduct of the defendant's agent at that

time she sustained serious and severe personal injuries. In these two paragraphs there is no allegation of a trespass upon the realty or of any damage to it. In the one case the remedy at common law' would have been trespass *vi et armis,* and in the other, trespass against the person." Citing cases.

Continuing the quotation:

"It is contended by the respondent that (apparently assuming that the complaint contains two separate and distinct causes of action) this form of slovenly pleading is permissible under what is known as the 'jumbling statute,' section 216 [now Sect. 484] of the Code, subdivision 2, which is as follows:

" 'In all cases where two or more acts of negligence or other wrongs are set forth in the complaint, as causing or contributing to the injury, for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the court and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint.'

*"The plain words of the statute negative the idea* that two or more causes of action may be 'jumbled.' [Italics added.]

" 'Where two or more acts of negligence or other wrongs are set forth in the complaint as causing or contributing to the injury for which suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately.'

"The relief from the requirement of separate statement is only when there has been one injury and there have been two or more acts which may have caused or contributed to it. In the case at bar, it is alleged that there were two injuries; and while as to each it will not be necessary to state separately the several acts which caused or contributed to it, that is very far from permitting the commingling of two causes of action which have no connection with each other

and neither of which can be said to have caused or contrib-
uted to the other."

We think the trial Judge in our case was in error in over-
ruling defendant's demurrer and denying his motion on the
ground that they were controlled by the case of *Matheson
v. Telegraph Co., supra,* and by Section 484 of the Code.

And the Court was in error in refusing to grant the mo-
tion of the defendant that the plaintiff be required to elect
upon which cause of action he would go to trial, and that
the other two causes of action be dismissed.

The judgment of the lower Court is reversed and the
case is remanded to that Court for such action as is in ac-
cord with the rulings herein contained.

Messrs. Justices Baker and Fishburne and Mr. Act-
ing Associate Justice G. Dewey Oxner concur.

Mr. Chief Justice Stabler concurs in result.