## 18721

Mrs. Dorothy R. GLENN, Administratrix of the Estate of Carl Glenn, Respondent, v. E. I. DuPONT de NEMOURS & CO., Inc., Appellant

(157 S. E. (2d) 630)

*Messrs. C. T. Wyche* and *David L. Freeman,* of Greenville, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondent,*

November 1, 1967.

BUSSEY, Justice.

The instant case is a sequel to *Glenn v. Dunean Mills, et al.,* 242 S. C. 535, 131 S. E. (2d) 696, wherein a compensation award for death benefits was affirmed, based on a finding that the death of Carl Glenn, an employee of Dunean Mills, had been caused by exposure to a concentration of freon gas. Here the administratrix of his estate seeks to recover damages for the wrongful death of the said Glenn, from the appellant who allegedly manufactured and supplied the freon gas to which the decedent was exposed.

The complaint, in form, states two causes of action; in the first it is alleged that the decedent's death was caused by a breach of an implied warranty on the part of appellant. In the second, it is alleged that his death was caused by various acts of negligence, willfulness and wantonness on the part of the appellant in the manufacture and sale of the freon gas. A single recovery is sought.

The appellant demurred to the complaint on the sole ground that two causes of action, one *ex contractu* and one

*ex delicto,* had been improperly united. The demurrer raised no question involving the materiality or sufficiency of the allegations of the complaint. The circuit judge concluded that the two alleged causes of action had been properly united, and this appeal is from his order overruling the demurrer.

On careful consideration of the complaint and the applicable authorities, we conclude that the circuit judge reached the correct result in overruling the demurrer. While, in form, the complaint states two causes of action, we think that, in fact, only one is stated. The complaint sets forth only one primary right on the part of the plaintiff and one primary wrong on the part of the appellant, and seeks a single recovery. The primary right of the plaintiff is to recover damages for the death of the decedent, if wrongfully caused within the purview of Sec. 10-1951 of the 1962 Code of Laws. The primary wrong of the appellant, and the only one alleged, is the causation of the death of the decedent, the complaint setting out merely the specific acts of the appellant by and through which the primary wrong was allegedly accomplished, such specific acts being included within the primary wrong, as part and parcel thereof.

In *Floyd v. C.I.T. Corp.,* 191 S. C. 518, 5 S. E. (2d) 299, the court quoted from Bliss on Code Pleading, page 155, Section 118, *et seq.,* the following,

"Logically, every wrong furnishes itself a cause of action, but different wrongs may be so blended as to be called a single wrong, as to furnish but a single cause of action, especially with reference to the policy of the law, which discourages a multiplicity of suits."

While we are aware of no decision which is directly in point factually, there are numerous decisions which clearly support the conclusion that the complaint here states only one cause of action. In *City of Columbia v. Seaboard Airline R. Co.,* 158 S. C. 511, 155 S. E. 841, the complaint was held to state a single cause of action against the contention of the defendant, as here, that a cause of action *ex*

*contractu* and one *ex delicto* had been improperly joined. There, as here, the complaint, in form, stated two causes of action. In *Miles v. Charleston Light & Water Co.,* 87 S. C. 254, 69 S. E. 292, the plaintiff sought a single recovery for damages allegedly caused by both the negligent breach of a contract and other negligent and wanton acts of the defendant. The complaint was held to state a single cause of action.

While the circuit court apparently considered that the complaint actually stated two causes of action, and counsel for the parties have made no issue, below or here, as to whether only a single cause of action is stated, we, pursuant to Rule 4, Section 8, of the Rules of this Court, affirm the result reached by the lower court in overruling the demurrer, on the ground that we have concluded that the complaint, in fact, states only one cause of action.

We have arrived at this sole ground of decision, and refrained from a discussion and disposition of the arguments of counsel, since such might well give rise to at least an implication on our part that more than one cause of action was alleged, when we are convinced that such is not the case.

The judgment of the lower court is in result, therefore,

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.