### 20039

IMPERIAL DIE CASTING COMPANY et al., Respondents, v. CO-VIL INSULATION CO., et al., Defendants, of whom J. A. Piper Roofing Co., is Appellant.

(216 S. E. (2d) 532)

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellant,*

606

*Messrs. Rainey, Fant & McKay,* of Greenville, *for Respondents,*

June 18, 1975.

LITTLEJOHN, Justice:

This action arose from a fire which burned part of the building rented by Imperial Die Casting Co. (Imperial) from Arthur L. Moore, G. Donald Moore, Ann M. Moore, and Fannie M. Reese (landlords). As a result of the fire, Imperial had a portion of its equipment and supplies damaged and had its business operations suspended for several months; the landlords were required to repair the damages to the building and lost the rent from Imperial during the repairs.

Imperial and the landlords brought this action together and joined as defendants Covil Insulating Co. (Covil), North Carolina Foam Industries, Inc. (N. C. F. I.), and J. A. Piper Roofing Co. (Piper). Covil had installed insulation manufactured by N. C. F. I. which was highly flammable; Piper had designed, constructed and installed an exhaust system which allegedly caught fire and "sucked fire down into the plant area."

A settlement was reached between plaintiffs and Covil and N. C. F. I. They agreed on a covenant not to sue. Piper is the only remaining defendant.

The complaint alleged two causes of action:* (1) negligence, and (2) breach of express or implied warranty. Piper, in its answer, set up two defenses to each cause of action: (1) a general denial, and (2) contributory negligence.

After the answer was served, plaintiffs filed a motion to strike Piper's defense of contributory negligence to the charge of breach of warranty. Piper filed a motion to require plaintiffs to elect to proceed under either negligence or breach of warranty.

The motions were heard by the Honorable Francis B. Nicholson. He held (1) that plaintiffs were entitled to proceed under both causes of action, and (2) that the defense of contributory negligence should be stricken as a defense to plaintiff's second cause of action because such is not a defense in an action based on breach of warranty.

Piper has appealed, alleging that the lower court erred:

(1) in refusing to require plaintiffs to elect; and

(2) in striking Piper's defense of contributory negligence to plaintiffs' action of breach of warranty.

Piper submits that it should be allowed to plead contributory negligence as a defense to plaintiffs' action for breach

---

* In actuality two theories to support one cause of action, as we hereinafter hold.

of warranty, and that plaintiffs should be required to elect. We disagree.

## DEFENDANT'S MOTION TO ELECT

In *Glenn v. E. I. DuPont de Nemours & Co.,* 250 S. C. 323, 157 S. E. (2d) 630 (1967), this Court had before it a similar factual situation and held that an election was not required. In *Glenn,* an employee of Dunean Mills had died from exposure to a concentration of freon gas that had been manufactured and supplied by DuPont. The complaint stated two causes of action : (1) breach of implied warranty, and (2) negligence. We held that :

"The complaint sets forth only one primary right on the part of the plaintiff and one primary wrong on the part of the [defendant], and seeks a single recovery. The primary right of the plaintiff is to recover damages for the death of the decedent, . . . The primary wrong of the [defendant], and the only one alleged, is the causation of the death of the decedent . . . ."

Applying the reasoning of *Glenn* to the case at bar, we hold that the one primary right of the plaintiffs is to recover damages for the burning of the building. The primary wrong on the part of Piper is the causation of the destruction of the building.

Counsel submits that the ruling in *Glenn* should not be applicable here because considerable discovery processes have been used, and now that the parties are apprised of what the evidence will basically be, an election should be required. This argument has little appeal so long as genuine issues of fact remain to be determined as relate to each of the two theories. We think that the trial judge properly refused to require the plaintiffs to elect.

## PLAINTIFFS' MOTION TO STRIKE

Piper next contends that the lower court erred in striking its contributory negligence defense to the breach of warranty cause of action, or theory, on which the plaintiffs seek to recover. This Court has not heretofore been asked to rule upon the question of whether contributory negligence is a defense to an action based on alleged damages for a breach of warranty in a products liability case.

The various views taken by several courts are discussed in an annotation in 4 A. L. R. (3d) 501. We are of the view that the holding in *Brown, infra,* which appears to be the majority view, sets out the more sound proposition of law.

In ruling upon the matter the lower court held as follows, with which we agree:

"I feel an excellent expression of this law is contained in *Brown v. Chapman,* 304 F. (2d) 149 (9th Cir. 1962). The court in that case stated:

'In our view, the better rule is that contributory negligence is not a defense to breach of warranty where it serves simply to put the warranty to the test. As stated in *Hansen v. Firestone Tire & Rubber Co.,* 6th Cir., 1960, 276 F. (2d) 254; 258:

'Negligence on the part of the buyer would not operate as a defense to the breach of warranty. If the manufacturer chooses to extend the scope of his liability by certifying certain qualities as existent, the negligent acts of the buyer, bringing about the revelation that the qualities do not exist, would not defeat recovery * * *'

\* \* \* \* \*

'One may well rely upon a warranty as protection against aggravation of the consequences of one's own carelessness.

\* \* \* \* \*

'The jury was instructed that if it found assumption of risk, this would bar recovery in implied warranty. We

agree with the district court that under Hawaii law contributory negligence less than assumption of risk will not bar recovery in implied warranty under the facts of this case.' 304 F. (2d) at 153.

"For these reasons I feel the allegations of the defendants' second defense to the second cause of action are not sufficient to bar a recovery of the plaintiffs and they are therefore stricken."

Counsel for appellant in his brief appears understandably concerned with the fact that, when this case is tried on its merits, the trial judge could interpret the order appealed from as holding that the alleged misuse or abuse of the product on the part of the plaintiffs may not be admissible in evidence as relates to facets of the case other than contributory negligence. We do not so interpret the order. Under a general denial a defendant may always introduce any evidence which tends to disprove that which the plaintiff must prove as a basis for recovery. Certainly, Piper should be allowed to introduce any evidence tending to prove that the misuse or abuse of the product was the proximate cause of the damages. Nothing in the order of the lower court relieves the plaintiffs of proving that the breach of warranty was the proximate cause of the loss before damages may be recovered.

The lower court, in its order, gave leave to the defendants to replead. Inasmuch as Covil and N. C. F. I. have now settled their differences with the plaintiffs by way of a covenant not to sue, it would appear appropriate that the plaintiffs also replead before an answer is required.

Affirmed.

Moss, C. J., and Lewis, Bussey and Ness, JJ., concur.