CITY OF JACKSON, Tennessee, Plaintiff-Appellee, v.
HUBERT HOYEL, Defendant-Appellant.
—465 S.W. 2d 736.

Western Section. June 16, 1970.

Rehearing Denied August 28, 1970.

Certiorari Denied by Supreme Court December 21, 1970.

Certiorari Denied May 3, 1971. See 91 S. Ct. 1636.

Hughie Ragan, Jackson, for defendant-appellant.

Robert Holt, Jackson, for plaintiff-appellee.

CARNEY, P.J. Upon the trial below the jury found the defendant, Hubert Hoyel, guilty of carrying on the business of plumbing without a permit and license from the City of Jackson, Tennessee. The jury fixed his fine at $18.50 and he has appealed and assigned error.

The defendant, Hoyel, did not testify. The plaintiff, City of Jackson, offered only two witnesses. John L. Spain, City Recorder for the City of Jackson, Tennessee, since December 1, 1965, testified that a part of his duties was keeping up with the ordinances of the City of Jackson, Tennessee; that by Ordinance No. 1968-13 which was adopted by the City Commission of Jackson, Tennessee, on May 24, 1968, the 1967 edition of the Southern Standard Plumbing Code was made a part of the Plumbing Code of the City of Jackson; that said ordinance recited that it was adopted pursuant to authority of Section 6-620 Tennessee Code Annotated and incorporated in the Code of Ordinances by reference.

He further testified that Section 8-58 of the Plumbing Code which was in full force and effect on November 18, 1968, was as follows:

"Q.19. It isn't necessary to read the references; just read the next section.

A. 'Section 8-58. Plumbers Certificates, Subsection (a).

It shall be unlawful for any person to install plumbing in the city as a journeyman without having first made application to the plumbing inspector for a permit or certificate to work as a journeyman plumber, and a board consisting of the commissioner of public utilities, the city engineer and the plumbing inspector, shall examine all applicants for certifi-

cates as journeyman plumbers, and if they are qualified by experience and a general knowledge of the plumbing trade, a suitable card or certificate shall be issued by the plumbing inspector to such applicants as are qualified, and such card or certificate shall authorize the recipient to do plumbing work as an agent or employee of any firm, shop or master plumber properly licensed as such.

It shall be unlawful for any person to engage in, work at, or operate any plumbing business as a master plumber unless he shall first make application to the plumbing inspector for a permit or certificate to work as a master plumber and the board, under suitable rules and regulations for the enforcement of this provision, shall give him an examination and if qualified by experience and general knowledge, a suitable certificate shall be issued by the plumbing inspector to such person and such certificate shall authorize the recipient to engage in, work at or operate any plumbing business as a master plumber.

It shall be unlawful for a property owner and any other person under contract or responsible to said property owner for the installation or repair of plumbing on the property, to hire, supervise, or allow any person to install or repair plumbing, or to work as a master or journeyman plumber on said property in violation of this section or any other ordinance requiring said person to be licensed, or in violation of any ordinance requiring a permit to be issued for said work.

Nothing in this section shall prevent any home owner from installing plumbing fixtures or repairing

existing plumbing within his own property wherein he resides, providing such plumbing work is done by himself and is used exclusively by him or his family. Such privilege does not convey the right to violate any of the provisions of this code, nor is it to be construed as exempting any such property owner from obtaining a permit and paying the required fees therefor.

Each person to whom a certificate as a journeyman is issued shall pay the sum of Twenty-five dollars therefor and he shall pay five dollars for each annual renewal thereof.

Each person to whom the certificate as master plumber is issued shall pay the sum of twenty-five dollars therefor and he shall pay five dollars for each annual renewal thereof.

All such fees shall be used to defray the expenses of examining, inspecting and otherwise enforcing the provisions of this section and they shall be paid into the hands of the city treasurer for that purpose.

Subsection (b) All other provisions of this Code and of any plumbing code adopted by reference and in conflict herewith are hereby modified to the extent of such conflict.' ''

Further, he testified that Section 106.2 of the Southern Standard Plumbing Code relating to penalties provided as follows;

"106.2 Failure to Obtain Permit. If any person commences work on a plumbing installation before obtaining the necessary permit from the City, he shall be subject to the penalty prescribed herein."

Finally, Mr. Spain testified that Section 1-8 of the City Code provided as follows:

"Section 1-8. General Penalty; Continuing Violations.

Whenever in this Code or any ordinance of the city any act is prohibited or is made or declared to be unlawful or an offense or a misdemeanor, or whenever in such Code or ordinance the doing of any act is required or the failure to do any act is declared to be unlawful, where no specific penalty is provided therefor, the violation of any such provision of this Code or any ordinance shall be punished by a fine not exceeding fifty dollars for each such violation; provided, however, that the infliction of a fine under the provisions of this section shall not prevent the revocation of any permit or license or the taking of other punitive or remedial action where called for or permitted under the provisions of the city's Charter or Code. The city judge shall fix the amount of any fine to be levied under the provisions hereof as his discretion may dictate.

Each day any violation of this Code or of any ordinance continues shall constitute a separate offense, punishable as such.

Where any act of the General Assembly of the state provides for a greater minimum fine or penalty than One Dollar, not less than said minimum fine or penalty shall be assessed by the city judge."

J. D. Vandiver, Plumbing Inspector for the City of Jackson, Tennessee, since October, 1966, age 68, testified that he had had thirty years' experience as a journeyman plumber; that on November 8, 1968, he received infor-

mation that plumbing work was being done at a house located at 111 Central Street in Jackson; that he went to the house which was unoccupied to inspect the plumbing work; that he used his flashlight to look under the house and saw the defendant in the process of wrapping okum around a soil pipe under the bathroom; that he saw defendant packing the okum down with a caulking knife. Mr. Vandiver testified that Hoyel did not have a license either as a master plumber or a journeyman plumber from the City of Jackson, Tennessee, nor did he have a permit to do plumbing work at 111 Central Street in the City of Jackson and that he also saw him doing plumbing work at 216 Southern Street in Jackson, Tennessee, and procured warrants for his arrest for two separate offenses. The defendant was tried on both charges at the same time but the jury acquitted him of the charge with reference to 216 Southern Street. The jury found him guilty of doing plumbing work without a permit and license at 111 Central.

Assignment of error No. III insists that the testimony of Mr. Vandiver was inadmissible because the result of an illegal search of the premises at 111 Central Street. There is no proof of ownership of 111 Central Street and certainly no proof that the defendant, Hubert Hoyel, was the owner of the premises at 111 Central Street. The implications of the testimony in the record are that Hubert Hoyel did not own the premises at 111 Central Street.

One who does not claim ownership of the premises searched or that he had them leased or was making his home thereon cannot contend that his constitutional rights were invaded by the search. Moody v. State, 159

Tenn. 245, 17 S.W.2d 919. This assignment of error is respectfully overruled.

■ Assignment of error No. IV complains of the action of the Trial Court in stating in substance that the City of Jackson could adopt the Southern Standard Plumbing Code, 1967 edition, and incorporate it by reference in the ordinances of the City of Jackson regardless of whether the copy of the Code was, in fact, in City Hall when as a matter of fact T.C.A. Section 6-621 provides that three copies must be on file fifteen days prior to adoption of the ordinance. This statement by His Honor the Trial Judge was harmless error because the City Recorder testified that copies of the Code had been on file in his office for at least thirty days before it was adopted. Assignment of error No. IV is, therefore, respectfully overruled. T.C.A. Section 27-117.

■ Assignment of error No. V insists that His Honor the Trial Judge was in error in permitting the sections of the Plumbing Code to be read to the jury because there was no proof that the book had actually been adopted by the requisite number of votes and no proof that there had been a hearing on the adoption of it and no proof that there had been a publication made advising citizens that a copy of the Code to be adopted was available for anyone who desired to examine it, etc. There was no proof offered by the defendant attacking the validity of the ordinance. There is a presumption in favor of the validity of an ordinance and those questioning the validity of the ordinance have the burden of proof. State ex rel. Balsinger v. Town of Madisonville, 222 Tenn. 272, 435 S.W.2d 803; State ex rel. Senff v. Columbia, 208 Tenn. 59, 343 S.W.2d 888.

■ "Where ordinance was proved by testimony of city clerk who presented and read into record an ordinance recorded in book identified by him as the book kept and used by the city for that purpose, ordinance was properly proved." Wilson v. Moudy, 22 Tenn.App. 356, 123 S.W.2d 828; Rutherford v. Swink, 90 Tenn. 152, 16 S.W. 76. Assignment of error No. V is, therefore, respectfully overruled.

■ Assignment of error No. VI insists that the Court erred in failing to instruct the jury the meaning of the words "carrying on business of plumbing without a license * * * and without a plumbing permit" and that the Court erred in failing to instruct the jury as to the meaning of the words "journeyman or master plumber."

Webster's Unabridged International Dictionary, 2nd Edition, defines plumber as follows: "Orig., a worker in lead; now an artisan who works in lead, zinc, tin, sheet metal, etc.; esp., a tradesman who furnishes, fits and repairs gas, water, and soil pipes, cisterns, tanks, baths, water closets and their fittings and other sanitary and fire-protection apparatus for a house or other building, including the junctions to the mains and sewers." The same dictionary defines plumbing as a plumber's occupation or trade.

No special request for definition of these terms was offered by the defendant. The jury could be expected to know the meaning of the terms without special instructions. The failure of the Court to give such definitions did not affect the verdict of the jury. Therefore, if such failure were error, it would at most be harmless error. T.C.A. Section 27-117. The assignment of error is respectfully overruled.

■ Assignment of error No. VII insists that the Trial Court erred in permitting the introduction of the alleged Southern Standard Plumbing Code which was purportedly adopted by reference because there was insufficient proof to show that the law permitting the same to be adopted by reference was complied with or that the same had been filed and remained on file or that the book read from was the same book used when the same was purportedly adopted. For the reasons set out under assignment of error No. V this assignment also must be respectfully overruled.

■ Assignment of error No. VIII insists that His Honor the Trial Judge erred in failing to charge defendant's special request as follows:

"The word 'Plumbing' according to Tennessee Code Annotated 62-1233, shall not apply to the installation of automatic sprinklers, their overhead or underground water supplies or to standpipes used in connection with automatic sprinkling system or their related fire protection devices or pertinences connecting thereto. Therefore if the City has not proven by the proper element of proof, as heretofore explained, that the defendant was not working on such matter as here mentioned, even if you find that he was doing some work on pipes, you should find in favor of defendant."

We think His Honor quite properly refused to make this charge because the defendant was not charged with failing to obtain a permit or license to install automatic sprinklers and there was no proof relating to sprinklers before the jury. Assignment of error No. VIII is respectfully overruled.

547

■ Assignment of error No. IX insists that His Honor the Trial Judge erred in failing to charge special request No. 2 submitted by defendant which is as follows:

"The term 'Maintenance Man' means a person employed to maintain and keep in good repair the premises where employed. Even if it be found that defendant was doing some plumbing but the City has failed to prove that the defendant was not a maintenance man working at his place of employment then you should find in favor of the defendant."

The defendant contended that the ordinance could not apply to a maintenance man under the authority of T.C.A. Section 62-1235(5).

The defendant did not testify. There was no proof that the defendant was regularly employed to maintain the dwelling at 111 Central. The burden was upon the defendant to prove that he was a maintenance man and exempted from the provisions of the ordinance within the meaning of the statute. 29 Am.Jur.2d, Evidence, Section 127; 29 Am.Jur.2d, Evidence, Section 148.

Assignment of error No. I insists that the Trial Court erred in failing to direct a verdict for the reason that there was no material evidence to support the verdict of the jury. There being no evidence to the contrary the jury was well-warranted in drawing on its own experience and coming to the conclusion from the testimony of City Plumbing Inspector Vandiver that the defendant was, in fact, performing plumbing work at 111 Central. Therefore, assignment of error No. I must be overruled.

■ Assignment of error No. II insists that it was error for the Trial Court to permit the City Recorder to

testify, over objection, that certain provisions of the alleged city ordinance, upon which the City was relying, were in full force and effect. This assignment of error is also without merit. The City Recorder is the proper person to testify as to the existence of ordinances and which ordinances are in effect on the day in question. Wilson v. Moudy, 22 Tenn.App. 356, 123 S.W.2d 828.

It follows that all of the assignments of error having been overruled the judgment of the lower Court is affirmed at the cost of the appellant.

Puryear and Matherne, JJ., concur.

## ON PETITION FOR REHEARING

On June 16, 1970, this Court rendered an opinion affirming the action of the Circuit Court of Madison County assessing a fine of $18.50 against the defendant, Hubert Hoyel, for carrying on the business of plumbing without a permit and license from the City of Jackson, Tennessee, in violation of certain ordinances of the City of Jackson, Tennessee. The appellant, Hubert Hoyel, filed twelve assignments of error in this Court all of which were considered and overruled by this Court.

The defendant-appellant, Hoyel, has filed a petition to rehear in which he earnestly insists that the judgment of the lower Court should be reversed because the Trial Judge charged the jury that it was incumbent upon the City only to prove the defendant guilty by a greater weight or preponderance of the evidence and that the jury should have been charged that the jury must be convinced of the defendant's guilt beyond a reasonable doubt. The defendant made no special request for such a charge upon the trial in the Court below. He did not

make the failure to give such charge a ground of the motion for new trial. He did not list such failure as one of the assignments of error upon the original appeal in this Court. We hold that such insistence being made for the first time in a petition to rehear comes too late. Tenn. Oil Co. v. McCanless, 178 Tenn. 683, 157 S.W.2d 267, 162 S.W.2d 1081.

The petition to rehear is respectfully denied at the cost of the petitioner.

Puryear and Matherne, JJ., concur.