IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2007 Session

## KEVIN FOWLER D/B/A MED-STAT EMS v. WARREN COUNTY, TENNESSEE

**Appeal from the Circuit Court for Warren County**
**No. 2644     Buddy Perry, Judge**

---

**No. M2007-01004-COA-R3-CV - Filed January 24, 2008**

---

A private ambulance service provider challenged the fees established in the Warren County ambulance regulations created pursuant to state law.  The trial court found the fees were constitutionally permissible.  We affirm, finding that the fees were true fees, not taxes, and that the fees were reasonable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Eric J. Burch, Manchester, Tennessee, for the appellant, Kevin Fowler d/b/a Med-Stat EMS.

Larry B. Stanley, Sr., Ricky L. Stacy, McMinnville, Tennessee, for the appellee, Warren County, Tennessee.

## OPINION

On January 29, 2007, Kevin Fowler, doing business as Med-Stat EMS, a private ambulance service, filed suit challenging Warren County's ambulance regulations.  He alleged that the regulations required all private ambulance services to pay an unconstitutional privilege tax of $5,000 a year even though medical services are not subject to a privilege tax.  Fowler declined to pay the alleged tax and was ordered by the county to cease doing business in Warren County effective January 31, 2007.  The trial court entered a temporary injunction allowing Fowler to continue operating until a hearing on the merits.  That hearing was held on March 23, 2007.  The trial court found that the application and permit fees "are placed in a fund segregated from Warren County's general fund," and that these fees "are intended to be used solely for the enforcement of the Regulations."  The trial court concluded that the regulations were valid and that the application and permit fees were "constitutionally permissible fees."  The injunction was dissolved and Fowler appealed.

Tax or Fee

Tenn. Code Ann. § 7-61-104 states, in pertinent part: "In order to protect the public health and welfare, any county or city may adopt and enforce reasonable regulations to control the provision of private or nonprofit ambulance service." To this end, Warren County adopted a set of regulations that went into effect on February 1, 2007. These regulations require an annual nonrefundable application fee of five hundred dollars ($500.00) and an annual nonrefundable permit fee of four thousand five hundred dollars ($4,500.00). In brief, the regulations require each service provider to maintain a base of operation and business office in Warren County, to keep all records available for inspection by the county, and to meet certain equipment and personnel standards.

Taxes and fees are distinguished primarily by the purpose for which they are imposed. A tax is imposed for the purpose of raising revenue and a fee is imposed for the purpose of regulating some activity. *S & P Enterprises, Inc. v. City of Memphis*, 672 S.W.2d 213, 215 (Tenn. Ct. App. 1983). The record does not include any documents regarding the county's use of the money; that is, it contains no Warren County Commission resolution or audit regarding the use of the fees or where the money generated by the fees is placed in the budget. The county executive testified that none of the money went into the general fund and that all of it went to help defray the cost of monitoring the ambulance services. As the trial court noted, this testimony is uncontroverted.[1] Furthermore, there is a presumption in favor of the validity of an ordinance. *Id*. at 217. The party questioning the validity of an ordinance has the burden of proving its invalidity. *Id*. That has not been accomplished in this case. Therefore, we affirm the trial court's ruling that the application and permit fees were "constitutionally permissible fees."

Reasonableness of the fees

As a fallback argument, Fowler maintains that even if the fees are constitutional, they are not reasonable. Specifically, he maintains that the amount of the fee is excessive, which in turn violates the requirement in Tenn. Code Ann. § 7-61-103 that the regulations be "reasonable." To establish the reasonableness of fees, "it is only required that the fees bear some reasonable relation to the expenses involved and it is no objection to a regulatory license that it produces more income than is required for its administration and enforcement." *S & P Enterprises, Inc.*, 672 S.W.2d at 216. Once again, it is important to remember that the party questioning the validity of an ordinance has the burden of proving its invalidity. *Id*. at 217. Fowler attempts to satisfy his burden by showing that the state's fees are considerably less than Warren County's. However, he fails to take into account that Warren County intends to be much more active than the state. For example, the state ambulance service license renewal fee is $250 and the annual vehicle (ambulance) permit fee is $100 per vehicle. Tenn. Comp. R. & Regs. 1200-12-1-.06 (5). Thus, an ambulance service with two ambulances would pay $450 a year to the state for one or two inspections a year and an audit. It is clear from the testimony of the county executive and the EMS director that the county envisions monthly inspections, frequent investigations of complaints, and almost daily interaction with the regulated ambulance services. The county executive thought there would be "tremendous expense"

---

[1]While there was testimony that the fees went into the ambulance fund account and that expenses for the county ambulances were paid out of that account, there was no testimony that any of the fees in question were used for purposes other than the enforcement of the ambulance regulations.

associated with enforcement of the regulations. Extrapolating the $450 paid to the state for one or two inspections a year to the dozen or more inspections Warren County intends to perform[2], one could expect Warren County to have a fee as high as $5,400 ($450 an inspection x 12 inspections per year). Fowler has failed to meet his burden. In light of the state's fee for its activity, which Fowler uses as a benchmark for reasonableness, we cannot say that the amount of the fee Warren County charges is unreasonable based on the testimony about what Warren County intends to do.

The judgement of the trial court is affirmed. Costs of appeal are assessed against the appellant, Kevin Fowler, for which execution may issue, if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2]We would note that, at the time of the trial, the county had very little experience with the new regulations since the regulations had been in effect for approximately fifty days.